UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **JUSTIN SAVAGE** and **SHAWNA MORSE,**<br><br>               Plaintiffs,<br><br>**v.**<br><br>**STATE OF MAINE, MAINE STATE POLICE, COLONEL WILLIAM G. ROSS, TROOPER JAMIE FENDERSON (#1413), SERGEANT ADAM SCHMIDT (#8991),**<br>and **DETECTIVE ANNA RITLAND (#9283),**<br>               Defendants. | Docket No. |

## COMPLAINT

By this action, Plaintiffs seek to recover of the Defendants, for, *inter alia*: 1) Assault; 2) Battery; 3) Negligence and Professional Negligence; 4) Intentional Infliction of Emotional Distress; 5) Negligent Infliction of Emotional Distress; 6) 5 M.R.S.A. § 4682 (Maine Civil Rights Act Violations); 7) 42 USC § 1983 (Federal Civil Rights Act Violations); 8) Breach of Special Relationship Doctrine; 9) Wrongful Arrest; 10) Malicious Prosecution; 11) Spoilation of Evidence; 12) Defamation; and 13) Aiding and Abetting.

## PARTIES, JURISDICTION, AND VENUE

1.  This is a civil action under common law and various laws and statutes, including 42 U.S.C. § 1983 and 5 M.R.S.A. § 4682, seeking damages against Defendants for committing wrongful violent acts, under color of law, with the intent and for the purpose of injuring Plaintiffs and depriving Plaintiffs of rights and freedoms secured under the Constitutions and laws of the United States and the State of Maine. Among other wrongs

1

committed, Plaintiff Justin Savage brings this action for an unjustified and wrongful violent beating that occurred on March 16, 2024, in Limerick, York County, Maine.

2.  Plaintiff Justin Savage ("Justin") is a natural person residing at 117 Long Street, Limerick, York County, Maine.

3.  Plaintiff Shawna Morse ("Shawna") is a natural person residing at 117 Long Street, Limerick, York County, Maine.

4.  Defendant State of Maine is subject to suit under 14 M.R.S. § 8101 et. seq. and 42 U.S.C. § 1983.

5.  Defendant Maine State Police is an entity or unit of the State of Maine subject to suit under 14 M.R.S. § 8101 et. seq., and 42 U.S.C. § 1983.

6.  Defendant Colonel William G. Ross is an individual employed as a colonel with the Maine State Police.

7.  Defendant Jamie Fenderson is an individual employed as a trooper with the Maine State Police (#1413).

8.  Defendant Adam Schmidt is an individual employed as a sergeant with the Maine State Police (#8991).

9.  Defendant Anna Ritland is an individual employed as a detective with the Maine State Police (#9283).

10. At all times relevant, Defendants acted jointly and severally and under color of law to deprive Plaintiffs of rights, privileges and/or immunities secured by the Constitution and the laws of the United States and of Maine.

11. This Court is an appropriate venue for this dispute. The conduct at issue occurred in York County, Maine; evidence and witnesses relevant to the allegations are located in York County Maine; and all parties are located, live, and work in this Federal Judicial District.

## STATEMENT OF FACTS

12. On March 16, 2024, Defendants Fenderson, Schmidt and Ritland were present at 117 Long Street, Limerick, York County, Maine, which is the Plaintiffs' personal residence.

13. Plaintiffs had not engaged in any unlawful conduct, and they didn't understand why Defendants were at their home.

14. At Plaintiffs' home, Defendants caused and escalated a conflict with the Plaintiffs. In the course of causing and escalating the conflict, Defendant Fenderson first placed Justin in handcuffs with his hands behind his back and very soon after, without justification and unlawfully, Defendant Schmidt inexplicably body slammed Justin onto the driveway. At that time, Justin did not pose any threat to any of the Defendants and Schmidt's body slam of Justin was violent, unjustified and wrongful.

15. After Defendant Schmidt body slammed Justin onto the driveway, Defendants Ritland, Fenderson and Schmidt swarmed on top of Justin, immobilizing him.

16. Next, Defendants placed Justin, wearing handcuffs, inside the front seat of a police vehicle. While placing Justin in the police vehicle, Defendant Fenderson punched and beat Justin's face, drawing his blood. Defendants placed leg restraints on Justin and, from behind the front seat, they placed a full hooded spit mask over his head, covering his face completely such that he could not see. Defendants left Justin bleeding, unattended, fully restrained, and completely masked inside the police vehicle. While in the police vehicle, Justin had difficulty breathing or suffered an asthmatic medical emergency which

Defendants ignored for an excessive and unreasonable amount of time.

17.  Next, Defendants removed Justin from the police vehicle, laying him onto the ground alongside the outside of the police vehicle. At that point, multiple Defendants and other persons swarmed on top of Justin, holding him restrained on the ground. While held on the ground restrained, masked, in handcuffs and leg restraints, and unable to pose any threat or defend himself, Defendant Fenderson again repeatedly and violently punched and beat Justin's face. At all times, Justin was fully restrained, immobilized, in handcuffs, leg restraints, fully covered with a face mask, and had multiple individuals sitting on and holding him on the ground. Justin did not and could not pose any threat nor protect himself. Defendant Fenderson's violent punching and beating of Justin's face was outrageous, unlawful, unjustified and wrongful, and done with malice or malice can and should be implied. Justin suffered serious head injuries and lasting severe physical and psychological injuries from the assault. Shawna was detained or restrained, and visibly witnessed the assault on Justin and she suffered severe and lasting emotional injuries.

18.  In violation of the Special Relationship Doctrine, Defendants Schmidt, Ritland, and others did not intervene and/or stop Defendant Fenderson from violently punching and beating Justin. Justin was in their custody, fully restrained, and, accordingly, Defendants owed a special duty to protect him because he was unable to protect himself.

19.  Defendants aided and abetted one another's tortious conduct. Defendants' conduct, joint and several, was extreme, outrageous, violent, excessive, unlawful, tortious and unnecessary and it caused severe physical and psychological injuries to Justin. Defendants, joint and several, acted with malice or malice can and should be implied.

20.  Defendants wrongfully arrested Justin and falsely and maliciously charged him with 2

4

Counts of Assault, Class D (Assault on Shawna Morse and Assault on Natasha West); Assault on Officer, Class D; Refusing to Submit, Class D; and Obstructing a Government Administration, Class D. Defendants knew or should have known that the charges brought against Justin were false, malicious, and unjustified.

21. Defendants wrongfully arrested and falsely and maliciously charged Shawna with resisting arrests with force, class D. Defendants knew or should have known that the charges brought against Shawna were false, malicious, and unjustified.

22. Defendants, acting in concert, knowingly falsified reports and concealed or destroyed evidence. By way of example, Defendants conferred and, after conferring, falsely claimed, published on the Internet and charged that Justin tried to escape, committed domestic violence assault on Shawna and broke Defendant Schmidt's ankle while trying to escape when it was known to Defendants that Defendant Schmidt, while unjustifiably and unlawfully body slamming Justin, twisted his own ankle in the process. Defendants also falsely claimed that Justin bit Defendant Fenderson through a special duty protective glove, and that Shawna used force to resist arrest, to justify, falsify, and cover up, their unlawful and violent beating of Justin. In the course of discovery in Justin's criminal case, Defendant Fenderson's special duty protective glove was spoliated.

23. On April 15, 2025, all criminal charges against Justin were dismissed.

24. On February 24, 2025, all criminal charges against Shawna were dismissed.

25. Justin has and continues to suffer extreme prolonged and severe emotional distress, fear, anxiety, and trauma from the beating, and from his physical injuries, arrest, criminal charges, threat of incarceration, and harm to reputation from the Defendants' false and malicious Internet and media publications published by Defendants about Justin.

26. Shawna has and continues to suffer from extreme prolonged and severe emotional distress, fear, anxiety, and trauma from being subject to the events on March 16, 2024, and from being falsely and maliciously arrested, charged with crimes, prosecuted, and defamed by Defendants, false statements published on the Internet about her.

27. On March 16, 2024, Justin was subjected to unreasonable and excessive force. Justin was severely physically beaten, injured, suffered extreme and lasting pain and suffering, and suffered extreme and lasting emotional trauma and distress.

28. Plaintiffs were subjected to false and malicious arrest, false and malicious criminal charges, and false, malicious and defamatory Internet and media publications initiated and published by Defendants to the general public wrongfully attributing false allegations of criminal conduct to the Plaintiffs. **Exhibit 1** hereto is true and correct copies of Defendants' Internet and mediation publications of, about, and concerning the Plaintiffs.

29. Plaintiffs were also subjected to knowingly wrongful and malicious criminal prosecution. The criminal proceedings ended favorably to the Plaintiffs with all charges dismissed.

30. Defendants, acting individually and collectively, aided and abetted each other's intentionally and tortious acts, including assault, battery, wrongful arrest, malicious prosecution, defamation and spoilation of evidence, and denied Plaintiffs their civil and constitutional rights to be free from assault, violence, beatings, unlawful restraints, threats, intimidation, excessive and unwarranted force and injury, wrongful arrest, wrongful prosecution, spoilation of evidence and defamation.

31. The Defendants', acting under the color of law, wrongful acts were in violation of the United States Constitution, the Bill of Rights, the Maine Constitution and various state and federal statutes and the common law. Plaintiffs' state and federal civil rights were

violated and Plaintiffs were physically, emotionally, and financially injured and have suffered severe and lasting physical and/or psychological injuries, impairment, pain, emotional pain, suffering and damages.

32. As a direct and proximate cause of Defendants' wrongful conduct, Defendants, joint and severally, are liable to Plaintiffs in an amount to be determined at trial, together with punitive damages, interest, expenses, attorneys' fees and costs.

## COUNT I – ASSAULT
### Justin Savage v. Defendants Fenderson, Schmidt, & Ritland

33. Plaintiffs incorporate herein by this reference each and every allegation contained in this complaint as if fully set forth herein.

34. Defendants Fenderson, Schmidt, and Ritland, jointly and severally, intentionally and without privilege placed Justin in reasonable apprehension of bodily harm or injury.

35. Justin was injured and sustained damages, including severe emotional distress and physical injuries, as a consequence of Defendants' assaults.

36. Defendants are liable to Justin for assault and emotional distress, intentional and negligent, in an amount to be determined together with interests, costs, attorneys' fees and punitive damages.

## COUNT II—BATTERY
### Justin Savage v. Defendants Fenderson, Schmidt, & Ritland

37. Plaintiffs incorporate herein by this reference each and every allegation contained in this complaint as if fully set forth herein.

38. Defendants Fenderson, Schmidt, and Ritland, jointly and severally, intentionally, recklessly or willfully caused non-privileged offensive and harmful contact to Justin.

39. Defendants knew with substantial certainty that such offensive and harmful contact would cause injury to Justin.

40. Defendants' conduct and contact with Justin caused severe physical and emotional injury, pain, suffering and damages to Justin.

41. Defendants are liable to Justin for battery and emotional distress, intentional and negligent, in an amount to be determined together with interests, costs, attorneys' fees and punitive damages.

### COUNT III—NEGLIGENCE AND PROFESSIONAL NEGLIGENCE
### Justin Savage v. All Defendants

42. Plaintiffs incorporate herein by this reference each and every allegation contained in this complaint as if fully set forth herein.

43. Defendants are trained police professionals or a government or administration responsible for overseeing and operating a professional police organization.

44. Once detained and restrained, Defendant officers owed Justin duties of care under common law and under the Special Relationship Doctrine as well as duties not to assault, batter, injure, defame, maliciously arrest and/or maliciously prosecute Justin, and Defendants each owed duties to accurately record, preserve, and not fabricate or spoliate, the evidence.

45. Defendants, joint and several, acted wrongful and, at minimum, were negligent, and failed to adhere to the standards of care applicable to their profession.

46. Justin was injured as a direct and proximate cause of Defendants' wrongful or negligent conduct, which was not privileged.

47. As a consequence of their wrongful conduct, Defendants, joint and several, are liable to Justin in an amount to be determined, with interest, costs, attorneys' fees and punitive damages.

## COUNT IV—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Plaintiffs v. All Defendants

48. Plaintiffs incorporate herein by this reference each and every allegation contained in this complaint as if fully set forth herein.

49. Defendants, by their unprivileged conduct, collectively and individually, acted outrageously and intentionally or recklessly, inflicted severe emotional distress on Plaintiffs, or their conduct was substantially certain to inflict severe emotional distress on Plaintiffs.

50. Defendants' conduct, collectively and individually, was outrageous and intended or calculated to improperly harm Plaintiffs and inflict severe emotional distress on Plaintiffs.

51. Defendants intentionally, recklessly and/or wrongfully inflicted severe emotional distress on Plaintiffs and specifically, on Justin when Defendants intentionally, willfully, recklessly, improperly and continuously, and without regard of his health, safety, or welfare, detained, restrained, body slammed and violently beat him; wrongfully and maliciously arrested, charged and prosecuted Plaintiffs; defamed Plaintiffs; and spoliated evidence against the Plaintiffs in an effort to conceal their own wrongful and unlawful conduct thus injuring Plaintiffs.

52. Defendants intentionally, recklessly, and/or wrongfully inflicted severe emotional distress on Plaintiffs  and specifically, on Shawna, when Defendants, while acting under the color of law and authority as police officials and organizations, intentionally, willfully, recklessly and improperly detained or restrained her while they body slammed

and beat Justin in her presence; wrongfully arrested, charged and prosecuted Plaintiffs; defamed Plaintiffs; and fabricated and spoliated evidence against Plaintiffs.

53. Defendants' conduct, collectively and individually, was and is extreme and/or outrageous, exceeds the boundaries of decency, and is atrocious, intolerable and unacceptable for a civilized community.

54. Defendants' conduct, collectively and individually, caused and continues to cause severe emotional distress to Plaintiffs, emotional distress so severe that no reasonable person is expected to endure, and Plaintiffs have suffered physical illness and emotional injuries which evidence and substantiate such extreme emotional distress.

55. It was or should have been foreseeable that the occurrence of emotional distress to Plaintiffs would result from Defendants' wrongful and unprivileged conduct.

56. Defendants owed duties not to wrongfully harm and injure the Plaintiffs and not to cause the Plaintiffs severe emotional distress.

57. Defendants' wrongful conduct is the direct and proximate cause of injury and damages to Plaintiffs. Plaintiffs experienced and continue to experience one or more physical manifestations of severe emotional distress, such as physical pain, mental deficits, concussion, T.B.I., contusions, abrasions, broken bones, anxiety, frustration, anger, irritability, sleep disturbances, fear, headaches, clenching of teeth, nausea, gastrointestinal pain and problems, vomiting, palpitations, changes in eating patterns, weight loss and gain, depression, loss of interest in sexual and other enjoyable activities, worrying, and mood swings.

58. Defendants, joint and several, are liable to Plaintiffs in an amount to be determined, together with past and future medical expenses, damages, punitive damages, attorneys' fees, interests and costs.

### COUNT V—NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS
### Plaintiffs v. All Defendants

59. Plaintiffs incorporate herein by this reference each and every allegation contained in this complaint as if fully set forth herein.

60. Defendants, collectively and individually, owed special duties to prevent harm to Justin while he was detained, restrained, and in custody and/or under arrest. Defendants, by their unprivileged and improper conduct, collectively and individually, breached their special duties and negligently inflicted severe emotional distress on Justin.

61. Defendants breached their special duty to Justin and negligently inflicted emotional distress on him when they improperly and negligently, and without regard of his health, safety or welfare, detained, restrained, body slammed and beat him; wrongfully arrested, charged and prosecuted Plaintiffs; defamed Plaintiffs; and fabricated and spoliated evidence against Plaintiffs.

62. Defendants negligently inflicted severe emotional distress on Shawna when they detained and subjected her to their unlawful and violent beating and attack on Justin, and when they wrongfully arrested, charged and prosecuted Plaintiffs; defamed Plaintiffs; and fabricated and spoliated evidence against Plaintiffs.

63. Defendants' wrongful conduct, collectively and individually, harmed Plaintiffs and/or the harm to Plaintiffs was a reasonably foreseeable consequence of Defendants' conduct.

64. Defendants, collectively and individually, negligently caused Justin to experience and suffer severe physical pain and severe emotional distress and/or severe physical pain and

severe emotional distress to Justin was a foreseeable consequence of Defendants' wrongful conduct.

65. Shawna was severely emotionally distressed, by the Defendants' wrongful actions.

66. The emotional distress caused to Plaintiffs was and is severe and no reasonable person is expected to endure it.

67. Defendants' wrongful conduct is the direct and proximate cause of injury and damage to Plaintiffs. Plaintiffs have experienced and continue to experience one or more physical manifestations of severe emotional distress such as physical pain, mental deficits, concussion, T.B.I., contusions, abrasions, broken bones, anxiety, frustration, anger, irritability, sleep disturbances, fear, headaches, clenching of teeth, nausea, gastrointestinal pain and problems, vomiting, palpitations, changes in eating patterns, weight loss and gain, depression, loss of interest in sexual and other enjoyable activities, worrying and mood swings.

68. Defendants, joint and several, are liable to Plaintiffs in an amount to be determined, together with past and future mental health treatment expenses, damages, attorneys' fees, punitive damages, interest and costs.

### COUNT VI—5 M.R.S.A. § 4682 MAINE CIVIL RIGHTS ACT VIOLATION
### Plaintiffs v. All Defendants

69. Plaintiffs incorporate herein by this reference each and every allegation contained in this complaint as if fully set forth herein.

70. Defendants, joint and several, engaged in the conduct described by this complaint under color of law and willfully and in reckless disregard of Plaintiffs' federally and state protected constitutional and civil rights.

71. Defendants did so with shocking and willful indifference to Plaintiffs' health, safety, welfare and rights, and their conscious awareness that they would cause Plaintiffs severe physical and/or emotional injuries and damages to the Plaintiffs and their reputations.

72. The acts or omissions of all Defendants were direct and proximate causes, and moving forces, behind Plaintiffs' injuries, damages and harm to reputations.

73. The Defendants acted in concert and joint action with each other and aided and abetted each other's tortious acts.

74. The acts or omissions of Defendants as described herein deprived Plaintiffs of their state and federal constitutional and civil rights and caused them damages.

75. The Defendants' wrongful conduct was not privileged, and they are not entitled to qualified immunity for the complained of conduct.

76. The Defendants at all times relevant were acting under color of law and pursuant to custom, policy, decision, ordinance, regulation, widespread habit, usage, or practice in their wrongful acts or omissions pertaining to Plaintiffs.

77. As a proximate result of Defendants' wrongful conduct, Plaintiffs have suffered actual physical and/or emotional injuries and other damages and losses entitling them to compensatory and special damages, in amounts to be determined at trial. As a further result of Defendants' wrongful conduct, Plaintiffs have incurred special damages, including medically related expenses, and may continue to incur further medically and other special damages related expenses, in amounts to be established at trial. Plaintiffs have also suffered per se reputational damage.

78. Plaintiffs have and may continue to suffer lost earnings or impaired earnings from the not yet fully ascertained sequelae of his injuries, in amounts to be ascertained in trial.

Plaintiffs are further entitled to attorneys' fees and costs pursuant to 42 U.S.C. §1988 and Maine law, and pre-judgment interest and costs as allowable by federal and state law. There may also be special damages for lien interests.

79. In addition to compensatory, economic, consequential and special damages, Plaintiffs are entitled to punitive damages against each of the individually named Defendants under 42 U.S.C. § 1983, and under state law, in that the wrongful actions of each of these individual Defendants were taken maliciously, willfully or with a reckless or wanton disregard of the state and federal constitutional and civil, rights of Plaintiffs.

80. Defendants, joint and several, are liable to Plaintiffs in an amount to be determined together with punitive damages, attorneys' fees, costs, interests and all other relief permitted under 42 U.S.C. § 1983.

**COUNT VII—42 U.S.C. 1983 SUPERVISORY VIOLATION AND RESPONDENT SUPERIOR**
**Plaintiffs v. State of Maine, Maine State Police and Col. William G. Ross**

81. Plaintiffs incorporate herein by this reference hereto each and every allegation and claims contained in the above paragraphs of this complaint as if fully set forth herein.

82. The customs or policies of the State of Maine and Maine State Police comprise the cause of and the moving force behind the constitutional violations chronicled in this complaint.

83. At all relevant times, Defendant Col. William G. Ross was acting as colonel of the Maine State Police.

84. At all relevant times, on information and belief, Defendant Col. Ross, as a policymaker for the Maine State Police, adopted a custom or policy abdicating any appropriate level of supervision and/or discipline of Defendants Fenderson, Schmidt, and Ritland.

85. At all relevant times, on information and belief, Defendant Col. Ross, as a policymaker for the Maine State Police, adopted a custom or policy of permitting his officers to handle

citizens without regard for their physical safety; freedom from assault; constitutional and civil rights and protections; the Special Relationship Doctrine; for their safety, health and welfare while detained or in custody; wrongful or malicious prosecution; freedom from defamation; and spoilation of evidence.

86. Defendant Col. Ross's approach of unjustified, unwarranted and limitless discretion by his officers and officials amounts to an unconstitutional custom or policy.

87. It was or should have been eminently foreseeable to Defendant Col. Ross that allowing his officers and officials to treat citizens in the manner in which Plaintiffs were would inevitably result in the injury to and violation of citizens' rights and the rights of Plaintiffs.

88. Plaintiffs notified Defendant Col. Ross and the Maine State Police that Defendants Fenderson, Schmidt, and Ritland acted improperly and violated Plaintiffs' Constitutional rights.

89. Plaintiffs, specifically, notified Defendant Col. Ross, Defendant Maine State Police, and Defendant State of Maine of the events described in this Complaint.

90. Said Defendants are aware, or should be aware, of the harm Plaintiffs suffered from all Defendants' cumulative wrongful actions.

91. All Defendants failed to protect the rights, safety, health and welfare of Plaintiffs.

92. Due to all Defendants' unprivileged and wrongful actions, Plaintiffs were wrongfully physically, emotionally, reputationally, and/or financially injured.

93. Defendants State of Maine, Maine State Police, and Col. Ross each had duties to intervene on behalf of Plaintiffs when Plaintiffs' constitutional rights were violated by Defendants.

94. Upon information and belief, said Defendants took no steps to protect Plaintiffs' rights that were being violated by all Defendants.

15

95. Upon information and belief, said Defendants failed to take reasonable steps to supervise or discipline all individual Defendants or to minimize the risk of harm to Plaintiffs. In fact, the individual Defendants named herein, Schmidt, Fenderson and Ritland, were cleared of wrongdoing and/or promoted within the Maine State Police.

96. Said Defendants' conduct or inaction in supervising and/or disciplining the individual Defendants amounts to either deliberate, reckless or callous indifference to the constitutional and civil rights of others, including Plaintiffs.

97. On information and belief, said Defendants failed to promulgate appropriate policies, training and discipline with regard to safety, health and welfare of detained, retrained, and/or arrested persons.

98. An affirmative link exists between the constitutional violations perpetrated by all Defendants and by the failure of Defendants State of Maine, Maine State Police, and Col. Ross to properly supervise and/or train and/or discipline Defendants Fenderson, Schmidt, and/or Ritland.

99. All Defendants' actions displayed a reckless or callous disregard of, or indifference to, the rights of Plaintiffs.

100. Defendants State of Maine, Maine State Police, and Col. Ross are liable, joint and several, to Plaintiffs in an amount to be determined, together with punitive damages, attorneys' fees, interest and costs pursuant to 42 U.S.C. § 1983 and the doctrine of Respondent Superior.

## COUNT VIII— BREACH OF SPECIAL RELATIONSHIP DOCTRINE IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENT
### Plaintiffs v. All Defendants

101. Plaintiffs incorporate herein by this reference each and every allegation contained in this complaint as if fully set forth herein.

102. Justin and Shawna are citizens of the United States and Maine, and all of the individual Defendants to this claim are persons for purposes of 42 U.S.C. § 1983.

103. All Defendants to this claim, at all times relevant hereto, were acting under the color of law in their capacity as police officials and their acts or omissions were conducted within the scope of their official duties or employment.

104. Once detained, restrained, under arrest or in custody, Justin and Shawna had clearly established constitutional rights to be secure and safe in their persons from the wrongful violent acts from themselves, from third parties, and from the Defendants.

105. While detained, restrained and/or in custody, Justin had the clearly established constitutional right to bodily integrity and to be protected from assault, battery, violence, attacks, body slams and beatings.

106. While detained, retrained, and/or in custody, Shawna had the clearly established constitutional right to be protected from and not exposed to the violent assault, battery, beatings and attacks perpetrated on Justin.

107. Any reasonable police official knew or should have known of these clearly established rights on March 16, 2024, as these rights were clearly established at that time.

108. Defendants' unprivileged wrongful actions, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated Justin's state and federal constitutional and civil rights.

109. Defendants' unprivileged wrongful actions, as described herein, were malicious and/or involved reckless, callous, deliberate indifference or negligence to Plaintiffs' federally and state protected rights. The conduct employed by these Defendants shocks the conscience and violated Plaintiffs' federal and state rights, because no detained or restrained individual should be subjected to unwarranted physical assault, battery, violence, attacks, body slams or beatings. Defendants' conduct, joint and several, was at minimum negligent and certainly unreasonable and placed both Plaintiffs in substantial fear and injured both Plaintiffs.

110. The conduct of Defendants resulted in serious bodily, emotional reputational and financial injury to Justin and Shawna.

111. No Defendant took any steps, reasonable or otherwise, to protect Justin or Shawna from Defendants Fenderson and/or Schmidt. Defendants are each jointly and severally liable for the injuries and damages resulting from their objectively unreasonable, reckless, negligent and conscience-shocking behaviors.

112. Defendants, joint and several, are liable to Plaintiffs in an amount to be determined together with interest, costs, punitive damages, and attorneys' fees.

## COUNT IX— WRONGFUL ARREST
### Plaintiffs v. All Defendants

113. Plaintiffs incorporate herein by this reference each and every allegation contained in this complaint as if fully set forth herein.

114. Defendants lacked probable cause and wrongfully detained, restrained, arrested, charged and prosecuted the Plaintiffs.

115. All charges against the Plaintiffs were dismissed.

116. Plaintiffs were damaged physically, emotionally and/or financially by Defendants' actionable wrongful conduct.

117. Defendants, joint and several, are liable to Plaintiffs in an amount to be determined, together with damages, punitive damages, attorneys' fees, costs and interests.

## COUNT X— MALICIOUS PROSECUTION
### Plaintiffs v. All Defendants

118. Plaintiffs incorporate herein by this reference each and every allegation contained in this complaint as if fully set forth herein.

119. Defendants lacked probable cause and wrongfully and maliciously arrested, charged and prosecuted the Plaintiffs based upon false and/or spoliated evidence.

120. All charges against the Plaintiffs were dismissed.

121. Plaintiffs were damaged physically, emotionally and/or financially by Defendants' actionable wrongful and malicious prosecution.

122. Defendants, joint and several, are liable to Plaintiffs in an amount to be determined, together with damages, punitive damages, attorneys' fees, costs and interests.

## COUNT XI—SPOLIATION OF EVIDENCE
### Plaintiffs v. All Defendants

123. Plaintiffs incorporate herein by this reference each and every allegation contained in this complaint as if fully set forth herein.

124. Defendants, educated and trained police professionals, had duties to accurately record and preserve, not fabricate or spoliate, the evidence.

125. Defendants, in violation of their educations, training and duties, fabricated and spoliated evidence by, *inter alia*, conferring and then falsely claiming that Justin attempted to escape and broke Defendant Schmidt's ankle in the process, contriving that Justin tried to bite Defendant Fenderson's hand, contriving that Shawna used force and resisted

arrest, all in an effort to cover-up, falsify, and justify Defendant Fenderson's unlawful violent beating of Justin. Defendants, in furthermore of their scheme, then discarded and spoliated Defendant Fenderson's special duty protective glove which was exculpating evidence to Plaintiffs and especially Justin.

126. Plaintiffs were damaged physically, emotionally, reputationally, and financially by Defendants' fabrications and spoilation of evidence.

127. Defendants, joint and several, are liable to Plaintiffs in an amount to be determined, together with damages, punitive damages, attorneys' fees, costs and interests.

## COUNT XII— DEFAMATION
## Plaintiffs v. All Defendants

128. Plaintiffs incorporate herein by this reference each and every allegation contained in this complaint as if fully set forth herein.

129. Defendants published to the general public, on the Internet and through the media, false, misleading, deceptive, incomplete, derogatory and disparaging statements about and concerning the Plaintiffs, including falsely accusing them of crimes, falsely accusing that Shawna was a victim of domestic violence perpetrated by Justin, falsely accusing Shawna of using force and resisting arrest and falsely accusing Justin of attempting to escape and injuring or biting Defendants Schmidt and Fenderson.

130. Defendants' publications constitute defamation per se because their publications attribute criminal and other derogatory behavior and labels to the Plaintiffs.

131. Defendants' defamatory conduct was intentional, reckless, or negligent.

132. Defendants owed duties not to defame Plaintiffs.

133. Defendants acted with malice or Defendants' conduct was so improper and egregious that malice may be implied.

134. Defendants knew or should have known that their publications about and concerning Plaintiffs were false, misleading, deceptive, incomplete, derogatory and disparaging, and would injure and damage the Plaintiffs.

135. Defendants' wrongful conduct has directly and proximately cause injury, severe emotional distress and damage to the Plaintiffs.

136. As a consequence of their wrongful conduct, Defendants are liable, jointly and severally, to Plaintiffs in an amount to be determined together with interests, costs, expenses, punitive damages and attorneys' fees and such other relief as the Court deems just and proper.

## COUNT XIII— AIDING AND ABETTING
### Plaintiffs v. Defendant Schmidt and Ritland

137. Plaintiffs incorporate herein by this reference hereto each and every allegation and claims contained in the above paragraphs of this complaint as if fully set forth herein.

138. As alleged above, Defendants Schmidt and Ritland gave substantial assistance to, facilitated, and aided and abetted, Defendant Fenderson's brutal tortious beating of the Justin and fabrication and spoliation of the evidence against Plaintiffs.

139. Defendants Schmidt and Ritland provided substantial assistance to Defendant Fenderson in carrying out their tortious and wrongful conduct.

140. Defendants Schmidt and Ritland had actual knowledge of Defendant Fenderson's violence against Justin, had actual knowledge that Justin had not attempted to escape and broken Defendant Schmidt's ankle, and actual knowledge that Defendant Fenderson contrived being bitten and that Defendants contrived Shawna used force or resisted arrest, to cover-up, justify and falsify Fenderson's tortious acts. Defendants Schmidt and Ritland

willingly participated in the above-described wrongful acts with the intent to cover-up and conceal Defendant Fenderson's wrongful acts.

141. As a result of each Defendant's aiding and abetting the other Defendant's wrongful conduct, Plaintiffs suffered damages.

142. Defendants, joint and several, are liable to Plaintiffs in an amount to be determined, together with punitive damages, attorney's fees, costs, and interests.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Justin Savage and Shawna Morse respectfully request judgment against each and every Defendant, jointly and severally, as follows:

1) With respect to Count I, that the Court enter judgment for Justin in an amount to be determined, together with interests, costs, punitive damages and attorneys' fees;

2) With respect to Count II, that the Court enter judgment for Justin in an amount to be determined, together with interests, costs, punitive damages and attorneys' fees;

3) With respect to Count III, that the Court enter judgment for Justin in an amount to be determined, together with interests, costs, punitive damages and attorneys' fees;

4) With respect to Count IV, that the Court enter judgment for Plaintiffs in an amount to be determined, together with interests, costs, punitive damages and attorneys' fees.

5) With respect to Count V, that the Court enter judgment for Plaintiffs in an amount to be determined, together with interests, costs, punitive damages and attorneys' fees;

6) With respect to Count VI, that the Court enter judgment for Plaintiffs in an amount to be determined, together with interests, costs, punitive damages and attorneys' fees;

7) With respect to Count VII, that the Court enter judgment for Plaintiffs in an amount to be determined, together with interests, costs, punitive damages and attorneys' fees;

8) With respect to Count VIII, that the Court enter judgment for Plaintiffs in an amount to be determined, together with interests, costs, punitive damages and attorneys' fees;

9) With respect to Count IX, that the Court enter judgment for Plaintiffs in an amount to be determined, together with interests, costs, punitive damages and attorneys' fees;

10) With respect to Count X, that the Court enter judgment for Plaintiffs in an amount to be determined, together with interests, costs, punitive damages and attorneys' fees;

11) With respect to Count XI, that the Court enter judgment for Plaintiffs in an amount to be determined, together with interests, costs, punitive damages and attorneys' fees;

12) With respect to Count XII, that the Court enter judgment for Plaintiffs in an amount to be determined, together with interests, costs, punitive damages and attorneys' fees;

13) With respect to Count XIII, that the Court enter judgment for Plaintiffs in an amount to be determined, together with interests, costs, punitive damages and attorneys' fees;

14) For actual damages, special damages, punitive damages, statutory penal or remedial damages, exemplary damages, costs of suit; and interest;

15) For reasonable attorneys' fees pursuant to 42 U.S.C. 1988; and

16) Any such further legal and equitable relief as the Court may deem just and proper.

## JURY DEMAND

**PLAINTIFFS REQUEST TRIAL BY JURY ON ALL ISSUES.**

DATED at Portland, Maine, this 18th day of September 2025.

Respectfully Submitted,
Justin Savage and Shawna Morse,
By counsel,

*/s/ Jeffrey Bennett, Esq.*
_____
Jeffrey Bennett, Esq. #7223
Brooke Bailey, Esq. #6760
Legal-Ease, LLC, P.A.
Two City Center, 4th Floor
Portland, ME 04101
P: 207-805-0055
F: 207-805-0099