UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **JUSTIN SAVAGE** and **SHAWNA MORSE,** | |
| Plaintiffs, | |
| **v.** | Docket No. 2:25-cv-00476-SDN |
| **STATE OF MAINE, MAINE STATE POLICE, COLONEL WILLIAM G. ROSS, TROOPER JAMIE FENDERSON (#1413), SERGEANT ADAM SCHMIDT (#8991),** and **DETECTIVE ANNA RITLAND (#9283),** | |
| Defendants. | |

## FIRST AMENDED COMPLAINT

By this action, Plaintiffs seek to recover of the Defendants, for, *inter alia*: 1) 14 M.R.S. §§ 8101, 8111(1)(E) - Assault; 2) 14 M.R.S. §§ 8101, 8111(1)(E) - Battery; 3) 14 M.R.S.A. §§ 8101, 8111(1)(E) - Intentional Infliction of Emotional Distress; 4) 42 USC §§ 1983, 1988, 5 M.R.S.A § 4682, 14 M.R.S. § 8111(1)(E) - Negligent Infliction of Emotional Distress; 5) 5 M.R.S.A. § 4682 (Maine Civil Rights Act Violations); 6) 42 USC §§ 1983, 1988 (Federal Civil Rights Act Violations) – Unlawful Arrest and Malicious Prosecution in Violation of the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution; 7) 42 USC §§ 1983, 1988 Violations of the Constitution of the United States, including the Fourth, Fifth, and Fourteenth Amendments of the Bill of Rights; 8) 5 M.R.S.A § 4682 - Violations of the Maine Constitution, Article One, §§ 1, 5, and 19; 9) 42 USC §§ 1983, 1988, 14 M.R.S.A. §§ 8101, 8111(1)(E) -  Vicarious Liability, Respondents Superior, and Failure to Supervise and/or Discipline; 10) 42 USC §§ 1983, 1988 Breach of Special Relationship Doctrine ; 11) 42 USC §§ 1983, 1988 and 14 M.R.S. § 8111(1)(E) - Wrongful Arrest; 12) 42 USC §§ 1983, 1988 and 14 M.R.S. §§ 8101,  8111(1)(E) - Malicious

Prosecution; 13) 42 USC §§ 1983, 1988 and 14 M.R.S. §§ 8101, 8111(1)(E) - Spoilation of Evidence; 14) 42 USC §§ 1983, 1988 and 14 M.R.S. §§ 8101, 8111(1)(E) – Defamation and Defamation Per Se; and 15) 14 M.R.S. §§ 8101, 8111(1)(E) - Aiding and Abetting.

Prior to filing suit, Plaintiffs complied with the Maine Tort Claims Act, 14 M.R.S. § 8101, *et. seq*.

## PARTIES, JURISDICTION, AND VENUE

1.  This is a civil action under the Constitution of the United States and Maine, the common law and various laws and statutes, including 42 U.S.C. §§ 1983, 1988, 5 M.R.S.A. § 4682 and 14 M.R.S.A. §§ 8101, et seq., seeking damages against Defendants, joint and several, for committing wrongful, unlawful, violent and/or defamatory acts, under color of law, in bad faith, with the intent and for the purpose of injuring and harming Plaintiffs and depriving Plaintiffs of rights and freedoms protected and guaranteed under the Constitutions and laws of the United States and the State of Maine.

2.  Plaintiff Justin Savage ("Justin") is a natural person residing at 117 Long Street, Limerick, York County, Maine.

3.  Plaintiff Shawna Morse ("Shawna") is a natural person residing at 117 Long Street, Limerick, York County, Maine.

4.  Defendant State of Maine is subject to suit under 14 M.R.S. § 8101 et. seq. and 42 U.S.C. §§ 1983 and 1988.

5.  Defendant Maine State Police is an entity or sub-unit of the State of Maine subject to suit under 14 M.R.S. § 4682; 14 M.R.S. § 8101 et. seq.; and 42 U.S.C. §§ 1983 and 1988.

6.  Defendant Colonel William G. Ross is an individual employed as a Colonel with the Maine State Police.

7.    Defendant Corporal Jamie Fenderson is an individual employed, previously as a trooper, and currently as corporal, with the Maine State Police (#1413).

8.    Defendant Sergeant Adam Schmidt is an individual employed as a sergeant with the Maine State Police (#8991).

9.    Defendant Detective Anna Ritland is an individual employed previously as an officer, and currently as a detective, with the Maine State Police (#9283).

10.    Defendants Fenderson, Schmidt and Ritland acted intentionally, in bad faith, jointly and severally, under color of law, in and during the course and scope of their employment under Col. Ross, the Maine State Police and the State of Maine, to injure and harm the Plaintiffs and deprive Plaintiffs of rights, privileges, freedoms, and/or immunities guaranteed by the Constitution and the laws of the United States and of the State of Maine.

11.    Defendants, the State of Maine, the Maine State Police and Col. Ross, as employers and policy makers and supervisors of Defendants Fenderson, Schmidt and Ritland, are vicariously liable for the acts and omissions of Defendants Fenderson, Schmidt and Ritland chronicled in the Complaint.

12.    This Court is an appropriate venue for this dispute. The conduct at issue occurred on or about March 16, 2024, in Limerick, York County, Maine; evidence and witnesses relevant to the claims are located in York County, Maine; and the parties are located, live, and/or work in this Federal Judicial District.

## STATEMENT OF FACTS

13.    The allegations, claims, and causes of action pled in this complaint are evidenced by and based on contemporaneous video recordings and audio recordings made on March 16,

2024, of the events occurring on that night. The video recordings and audio recordings are integral to this complaint and are therefore incorporated herein by this reference.

14. Justin and Shawna are citizens of the United States and Maine, and all Defendants are persons for purposes of 42 U.S.C. §§1983, 1988.

15. Plaintiffs' personal home is located at 117 Long Street, Limerick, York County, Maine. The property is privately owned property.

16. On March 16, 2024, Defendants Fenderson, Schmidt and Ritland were present at 117 Long Street, Limerick, York County, Maine.

17. Plaintiffs had not engaged in any criminal conduct, and they did not understand why Defendants were on their private property.

18. At Plaintiffs' home, Defendants, unjustifiably and unreasonably, caused and escalated a conflict with the Plaintiffs. In the course of causing and escalating the conflict, Defendant Fenderson placed Justin in handcuffs with his hands cuffed behind his back. After several minutes, and without probable cause of any crime having been committed, Defendant Ritland pronounced that Justin was under arrest. Spontaneously with Defendant Ritland pronouncing Justin's arrest, without warning and from behind, Defendant Schmidt intentionally unlawfully lunged at, grabbed and lifted Justin into the air and body slammed him headfirst into the ground. At the time, Justin had not committed any crimes and did not pose any threat to any of the Defendants. Justin's arrest was without probable cause and Defendant Schmidt's body slam of Justin was intentional, in bad faith, violent, unjustified, excessive, wrongful and unlawful and Justin was hurt and injured.

19. After Defendant Schmidt body slammed Justin headfirst into the ground, Defendants Ritland and Fenderson swarmed on top of Justin, immobilizing him.

20.    Next, Defendants Ritland and Fenderson placed Justin, still wearing handcuffs, inside the front seat of a police vehicle. While placing Justin in the police vehicle, Defendant Fenderson unjustifiably, unlawfully, intentionally, and in bad faith punched and beat Justin's face, drawing blood. Defendants placed a seatbelt and leg restraints on Justin and, additionally, they fully covered his face with a mask, covering his bloodied face so completely that he could not see. While placing Justin in the police vehicle, punching him and applying restraints to him, Defendants can be heard falsely narrating for their audio recorders that Justin was resisting and not cooperating and spitting. A dash video recording, however, captures and depicts Justin's full cooperation and there is no evidence of Justin resisting or spitting.

21.    Defendants left Justin bleeding, fully restrained, and fully masked, inside the police vehicle. While in the police vehicle, Justin had difficulty breathing through the mask which was now wet with his blood and/or Justin suffered an asthmatic medical emergency. Justin repeatedly called out for help but Defendants intentionally, in bad faith, ignored him and they did so for an excessive and unreasonable amount of time. During this time, Defendants were standing immediately outside the police vehicle, leaning against the vehicle's door that was adjacent to Justin, intentionally and in bad faith, ignoring Justin's breathing or asthmatic emergency and pleas for help, and wrongfully and intentionally depriving Justin of medical attention and treatment.

22.    Justin, fearing for his life and in an effort to save his life, and still pleading for help, unbuckled his seatbelt and started to open the vehicle's door. As soon as Justin did, Defendants immediately pulled opened the door and pulled Justin from the police vehicle onto the ground. At that point, multiple persons, including Defendant Fenderson,

swarmed on top of Justin, holding him restrained on the ground. While restrained and held on the ground by multiple people, masked, in handcuffs behind his back and leg restraints, and unable to pose any threat or defend himself, Defendant Fenderson intentionally, in bad faith and unlawfully, held Justin's head still with one hand and, with his other hand, repeatedly, violently, excessively and unlawfully punched and beat Justin's face. Upon information and belief and based on the audio recordings, Defendant Fenderson repeatedly, excessively, unlawfully punched and beat Justin's face between 11 and 13 times. Defendant Fenderson's beating of Justin's face was so severe and brutal that Justin was not recognizable afterwards, had broken facial bones and now requires facial reconstructive surgeries.

23.    During Defendant Fenderson's beating of Justin, Justin was fully restrained, immobilized, in handcuffs, in leg restraints, and covered with a face mask. Justin did not and could not pose any threat nor protect himself. Defendant Fenderson's violent punching and beating of Justin's face caused significant pain, suffering, disfigurement, and lasting and permanent internal injuries. Defendant Fenderson's beating of Justin was intentional, in bad faith, outrageous, unlawful, unjustified, and excessive.

24.    Defendant Fenderson beat Justin with malice or his conduct was so extreme and outrageous that malice can and must be implied. Justin suffered serious head and facial injuries, external and internal, and psychological injuries from the assault. Shawna, while being detained by Defendants, was present and subjected to Defendants' violent beating of Justin and she experienced immediate fear for herself and Justin and she suffered extreme, severe and lasting emotional injuries.

25.    Defendants owed Plaintiffs special duties under the clearly established Special

Relationship Doctrine. In violation of the Special Relationship Doctrine, Defendants Schmidt and Ritland did not intervene and/or stop Defendant Fenderson from violently beating Justin's face. Similarly, earlier that evening, Defendants Ritland and Fenderson did not intervene and/or stop Defendant Schmidt from violently body slamming Justin headfirst into the ground. Justin was in their custody, handcuffed, restrained, and, under law, Defendants owed Justin a clearly established special duty to protect him because he was unable to protect himself.

26. Defendants Ritland, Schmidt, and Fenderson each aided and abetted one another's unlawful and tortious conduct. Defendants intentionally and in bad faith falsified, manufactured, and spoliated official reports, audio recordings and physical evidence (the facemask wet with blood and a special duty glove worn by Defendant Fenderson), and manufactured criminal charges, to conceal and cover-up their unlawful beating of Justin. Defendants Fenderson's, Ritland's, and Schmidt's conduct, joint and several, was intentional, in bad faith, unlawful, and outrageous. Defendants Fenderson, Ritland, and Schmidt, joint and several, acted with malice or their conduct was so outrageous and atrocious that malice can and must be implied.

27. Defendants wrongfully arrested Justin without probable cause and falsely and maliciously charged him with 2 Counts of Assault, Class D (Assault on Anna Ritland and Assault on Adam Schmidt); Assault on Officer, Class C; Refusing to Submit, Class D; and Obstructing a Government Administration, Class D. Defendants knew or should have known that the charges brought against Justin were in bad faith, false, malicious, unjustified, and not supported by probable cause or evidence.

28. Defendants wrongfully arrested and falsely and maliciously charged Shawna with

Obstructing Government Administration, Class D and Refusing to Submit to Arrest, Class D. Defendants knew or should have known that the charges brought against Shawna were in bad faith, false, malicious, unjustified, and not supported by probable cause or evidence.

29. Defendants Fenderson, Schmidt and Ritland, intentionally, in bad faith, concealed or destroyed or disposed of or spoliated physical evidence, including the blood-soaked mask and a rubber Special Duty Glove worn by Defendant Fenderson. Defendants, to conceal and cover-up their unlawful beating of Justin, falsely claimed that Justin bit Defendant Fenderson's hand. However, Defendant Fenderson was wearing a Special Duty Glove that protected Defendant Fenderson's hand, which was exculpatory evidence for Justin of the allegation and criminal charge that Justin bit Defendant Fenderson's hand. Additionally, the blood-soaked mask was exculpatory evidence for Justin and it also evidenced the unlawful beating he received.

30. Additionally, Defendants can be heard on audio recordings discussing charging Justin with crimes for breaking Defendant Schmidt's ankle. On the audio recordings, however, Defendant Schmidt clearly states that Justin did not break his ankle and should not be charged. Nevertheless, Defendants Fenderson, Ritland, and Schmidt charged Justin with crimes for breaking Defendant Schmidt's ankle, and they did knowing said charges to be false.

31. Defendants also, intentionally, falsely, in bad faith, intentionally published on the Internet and to the media that Justin committed crimes attempting to escape and, in the process, broke Defendant Schmidt's ankle. Defendants did so knowing that their Internet and media publications were false, malicious and defamatory of Justin.

32.   Defendants also, intentionally, falsely, in bad faith, published on the Internet and to the media that Justin bit Defendant Fenderson's hand. Defendants did so knowing that their Internet and media publications were false, malicious and defamatory of Justin.

33.   Defendants also intentionally, falsely, in bad faith, charged criminally and published on the Internet and to the media that Shawna used force or resisted arrest, or obstructed official police business. Defendants did so knowing that their Internet and media publications, and charges, were false, malicious and defamatory of Shawna.

34.   Defendants also intentionally, falsely, in bad faith charged criminally and published on the Internet and to the media that Justin committed Domestic Violence Assault on Shawna. Defendants did so without probable cause and knowing that their Internet and media publications were false, malicious and defamatory of both Justin and Shawna.

35.   Defendants intentionally and in bad faith falsified, manufactured, and spoliated their official reports and evidence, and manufactured criminal charges, and defamed Plaintiffs, in an intentional and bad faith concerted effort to conceal and cover-up their unlawful, intentional, bad faith, excessive, and violent beating of Justin on March 16, 2024.

36.   On February 24, 2025, all criminal charges against Shawna were dismissed.

37.   On April 15, 2025, all criminal charges against Justin were dismissed.

38.   Justin has and continues to suffer extreme prolonged and severe physical injuries and emotional distress, fear, anxiety, and trauma from the beatings, and from his arrest, criminal charges, criminal prosecution, threat of incarceration, and harm to reputation.

39.   Shawna has and continues to suffer from extreme prolonged and severe emotional distress, fear, anxiety, and trauma from being subject to Defendants' unlawful beating of Justin on March 16, 2024, and from being falsely and maliciously arrested, charged,

prosecuted, and defamed by Defendants.

40. On March 16, 2024, in addition to being subjected to intentional, bad faith, unreasonable, unlawful, and excessive force. Justin was unlawfully denied medical treatment for his asthma or breathing difficulties and/or for his other injuries, all in violation of clearly established constitutional and civil rights.

41. Defendants' defamation of Plaintiffs was intentional, in bad faith, and constitutes "defamation per se." **Exhibit 1** hereto is a true and correct copy, and but one example, of Defendants' defamatory Internet and media publications of, about and concerning the Plaintiffs. Me Const. Art. 1, § 19.

42. Prior to filing suit, Plaintiffs filed citizen complaints with the State of Maine, Maine State Police and Col. Ross, and they complied with the requirements of the Maine Tort Claims Act, 14 M.R.S.A. § 8101, et seq. Not only were Defendants Fenderson, Schmidt and Ritland exonerated of all wrongdoing by Defendants State of Maine, Maine State Police and Col. Ross, but Defendant Schmidt was honored and received a special award for breaking his ankle and Defendants Fenderson and Ritland received promotions.

43. At all times material, Defendants Ritland, Schmidt, and Fenderson acted intentionally and in bad faith and, therefore, immunity does not exist. 14 M.R.S.A. §8111(1)(E).

44. As a direct and proximate cause of Defendants' unlawful conduct, Plaintiffs were injured and Defendants, joint and severally, are liable to Plaintiffs in amounts to be determined at trial, together with interests, costs, expenses, attorneys' fees and, as to Defendants Fenderson, Ritland, and Schmidt, punitive damages.

**COUNT I – MAINE TORT CLAIMS ACT 14 M.R.S. §§ 8101, 8111(1)(E) - ASSAULT**
**Plaintiffs v. Defendants Fenderson, Schmidt, & Ritland**

45.  Plaintiffs incorporate herein by this reference each and every allegation contained in this complaint as if fully set forth herein.

46.  Defendants Fenderson, Schmidt, and Ritland, jointly and severally, intentionally, in bad faith, wrongfully, and without justification or immunity, placed Justin in reasonable apprehension of bodily harm or injury.

47.  Justin was injured and suffered damages, including severe physical injuries and emotional distress as a result of Defendants' assaults.

48.  Shawna was also placed in reasonable apprehension of bodily harm or injury by virtue of being detained and subjected to Defendants' unlawful use of excessive force on Justin.

49.  Defendants acted with malice or Defendants' conduct was so extreme and outrageous, and unacceptable for a civilized community, that malice can and must be implied.

50.  Defendants, joint and several, are liable to Plaintiffs for assault in amounts to be determined together with interests, costs, expenses, attorneys' fees and punitive damages.

## COUNT II - MAINE TORT CLAIMS ACT 14 M.R.S. §§ 8101, 8111(1)(E) - BATTERY
### Justin Savage v. Defendants Fenderson, and Schmidt

51.  Plaintiffs incorporate herein by this reference each and every allegation contained in this complaint as if fully set forth herein.

52.  Defendants Fenderson and Schmidt, jointly and severally, intentionally, in bad faith, unlawfully, recklessly or willfully caused non-privileged, offensive, unwelcome, unjustified, excessive, and harmful physical contact with Justin.

53.  Defendants knew with substantial certainty that their unlawful contact with Justin would cause severe physical and emotional injuries, pain, suffering, and damages to Justin.

54.  Defendants' unlawful conduct and contact with Justin in fact caused severe physical and emotional injuries, pain, suffering and damages to Justin.

55.  Defendants aided and abetted each other and acted intentionally and in bad faith.

56.  Defendants acted with malice or Defendants' conduct was so extreme and outrageous, and unacceptable for a civilized community, that malice can and must be implied.

57.  Defendants, joint and several, are liable to Justin for battery in an amount to be determined together with interests, costs, expenses, attorneys' fees and punitive damages.

### COUNT III— MAINE TORT CLAIMS ACT 14 M.R.S. §§ 8101, 8111(1)(E) - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Plaintiffs v. Defendants Fenderson, Schmidt, and Ritland

58.  Plaintiffs incorporate herein by this reference each and every allegation contained in this complaint as if fully set forth herein.

59.  Defendants, by their intentional, bad faith, excessive, outrageous and unlawful conduct, collectively and individually, inflicted severe emotional distress on each Plaintiff, and Defendants' conduct was of a type that the conduct was substantially certain to inflict severe emotional distress on each Plaintiff.

60.  Defendants' conduct, collectively and individually, was intentional, in bath faith, outrageous and calculated to injure Plaintiffs and in fact did injure Plaintiffs and inflicted severe emotional distress on Plaintiffs, emotional distress so severe that no person is expected to endure it.

61.  Defendants, in bad faith, intentionally, willfully, excessively, recklessly, improperly and continuously inflicted severe emotional distress on Justin and Shawna, when Defendants detained Shawna and in her presence, Defendants detained, restrained, body slammed and violently beat Justin; wrongfully and maliciously ignored Justin's asthma or breathing condition; wrongfully and maliciously withheld medical treatment from Justin; wrongfully and maliciously arrested, charged and prosecuted each Plaintiff; wrongfully

and in bad faith defamed each Plaintiff; wrongfully and maliciously falsified official reports; and wrongfully and maliciously manufactured and spoliated evidence against the Plaintiffs, all in an effort to cover-up and conceal their own wrongful and unlawful conduct.

62. Defendants' conduct, collectively and individually, was intentional, in bad faith, extreme, outrageous, unlawful and exceeded the boundaries of decency, and was atrocious, intolerable and unacceptable for a civilized community.

63. It was or should have been foreseeable that the occurrence of emotional distress to each Plaintiff would result from Defendants' intentional, bad faith, unlawful conduct.

64. Defendants owed clearly established special duties not to unlawfully harm and injure the Plaintiffs and not unlawfully inflict severe emotional distress on Plaintiffs.

65. Defendants' unlawful conduct is the direct and proximate cause of injury and damages to Plaintiffs. Plaintiffs experienced and continue to experience one or more physical manifestations of severe emotional distress, including: physical pain and suffering, mental deficits, concussion, contusions, abrasions, broken bones, anxiety, worrying, embarrassment, frustration, anger, irritability, sleep disturbances, fear, headaches, clenching of teeth, nausea, gastrointestinal pain and problems, vomiting, heart palpitations, changes in eating patterns, weight loss and gain, depression, mood swings, sweating, racing or deregulated heart rate, loss of interest in sexual and other enjoyable activities.

66. Defendants, joint and several, are liable to Plaintiffs in amounts to be determined, together with past and future medical and mental health treatment, interests, costs, expenses, attorneys' fees and punitive damages.

**COUNT IV—VIOLATION OF 42 U.S.C. §§ 1983, 1988; THE MAINE CIVIL RIGHTS ACT, 5 M.R.S.A. § 4682; AND THE MAINE TORT CLAIM ACT, 14 M.R.S. §§ 8101, 8111(1)(E) - NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**Plaintiffs v. Defendants Fenderson, Schmidt, and Ritland**

67.  Plaintiffs incorporate herein by this reference each and every allegation contained in this complaint as if fully set forth herein.

68.  Defendants, collectively and individually, owed clearly established special duties to Plaintiffs under the clearly established Special Relationship Doctrine to protect and prevent harm to Plaintiffs while detained, restrained, in custody and/or under arrest.

69.  Defendants, by their intentional, bad faith, unlawful, excessive and improper conduct, collectively and individually, breached their special duties and, in the process of doing so, negligently inflicted severe emotional distress on Justin and Shawna.

70.  Defendants breached their special duties to Justin and negligently inflicted severe emotional distress on him when they unlawfully and intentionally, in bad faith, and without regard for his health, safety or welfare, restrained, body slammed and beat him; wrongfully withheld medical treatment from him; wrongfully arrested, charged and prosecuted him; wrongfully defamed him; and wrongfully falsified, manufactured, and spoliated evidence and official reports against him.

71.  Defendants negligently inflicted severe emotional distress on Shawna when they intentionally and in bad faith detained and subjected her to their unlawful and violent body slam and beating of Justin, and when they in her presence wrongfully withheld medical treatment from Justin causing her to fear and believe that Justin would die; wrongfully arrested, charged and prosecuted her; wrongfully defamed her; and wrongfully falsified, manufactured, and spoliated evidence and official reports against her and Justin.

72.  Defendants' unlawful conduct, collectively and individually, caused both Plaintiffs to fear for their safety, well-being, and lives and severely emotionally harmed Plaintiffs and/or the harm to Plaintiffs was a reasonably foreseeable consequence of Defendants' intentional, bad faith, unlawful violation of their special duties owed to Plaintiffs.

73.  Defendants, collectively and individually, negligently caused Justin to experience and suffer severe physical pain and severe emotional distress. Defendants, by their same unlawful conduct, subjected Shawna to their maltreatment of Justin and thus to fear for his and for her own safety and wellbeing and to experience severe emotional distress.

74.  The emotional distress caused to Plaintiffs by Defendants was and is severe and no reasonable person is expected to endure it.

75.  Defendants' unlawful conduct is the direct and proximate cause of injury and damage to Plaintiffs. Plaintiffs have experienced and continue to experience one or more physical manifestations of severe emotional distress including: physical pain and suffering, mental deficits, concussion, contusions, abrasions, broken bones, anxiety, worrying, embarrassment, frustration, anger, irritability, sleep disturbances, fear, headaches, clenching of teeth, nausea, gastrointestinal pain and problems, vomiting, heart palpitations, changes in eating patterns, weight loss and gain, depression, mood swings, sweating, racing or deregulated heart rate, loss of interest in sexual and other enjoyable activities.

76.  Defendants, joint and several, are liable to Plaintiffs in amounts to be determined, together with past and future medical and mental health treatment, damages, interests, costs, expenses, attorneys' fees and punitive damages.

## COUNT V—5 M.R.S.A. § 4682 MAINE CIVIL RIGHTS ACT VIOLATION
### Plaintiffs v. All Defendants

77.   Plaintiffs incorporate herein by this reference each and every allegation contained in this complaint as if fully set forth herein.

78.   Defendants, joint and several, engaged in the conduct described in this complaint under color of law, intentionally,  willfully, and in bad faith, and in reckless disregard of Plaintiffs' federally and state protected Constitutional and civil rights, including the rights of "life, liberty, and property," and the right to be secure and safe in their person, and the right to not be subjected to unjustified physical injury, pain and mental anguish, and the right to not be subjected to unlawful physical force and violence, and the right to not be unlawfully subjected to threat of physical force or violence, and the right to not be unlawfully subjected to severe emotional distress or to fear of bodily injury or death, and the right to not be unlawfully subjected to false and malicious criminal charges, malicious prosecution and unjustified harm to reputation.

79.   Defendants intentionally and in bad faith, and acting under color of law, violated Plaintiffs' Constitutional and civil rights with shocking and willful indifference to Plaintiffs' health, safety, welfare and Constitutional and civil rights. Defendants, intentionally and in bad faith, threatened and used unlawful physical force and violence; caused severe physical and emotional injuries; falsified, manufactured, and spoliated official reports and evidence; falsely charged and maliciously prosecuted crimes; and defamed Plaintiffs.

80.   The unlawful, bad faith, and intentional acts or omissions of all Defendants were direct and proximate causes, and moving forces, behind Plaintiffs' injuries, harm to reputations and damages in violation of the Maine Civil Rights Act.

81. The unlawful acts or omissions of Defendants were intentional, in bad faith, and deprived Plaintiffs of their state and federal Constitutional and civil rights and caused them damages.

82. The Defendants' unlawful conduct was intentional, in bad faith, not privileged, and they are not entitled to immunity for the complained of conduct. 14 M.R.S. § 8111(1)(E).

83. The Defendants were acting under color of law and pursuant to a custom, policy, practice, decision, widespread habit, or tolerance of Defendants State of Maine and/or the Maine State Police and/or Col. Ross.

84. As a direct and proximate result of Defendants' unlawful conduct, joint and several, Plaintiffs have suffered actual physical, financial, reputational and/or emotional injuries and other damages and losses entitling them to compensatory and special damages. Plaintiffs have incurred special damages, including medically related expenses, and will continue to incur future medical, mental health and other special damages and related expenses, all in amounts to be established at trial.

85. Plaintiffs have and may continue to suffer lost earnings or impaired earnings from the not yet fully ascertained sequelae of their injuries, in amounts to be determined at trial.

86. In addition to compensatory, economic, consequential and special damages, Plaintiffs are entitled to injunctive relief and, as against each individual Defendant, punitive damages because the wrongful actions of each of these individual Defendants were taken maliciously, willfully and with malice in disregard of the clearly established state and federal Constitutional and civil rights of Plaintiffs.

87.   Defendants, joint and several, are liable to Plaintiffs in amounts to be determined together with attorneys' fees, costs, expenses, interests, and all other relief permitted under the Maine Civil Rights Act including, where permissible, punitive damages.

## COUNT VI—VIOLATION OF 42 U.S.C. §§ 1983, 1988 – UNLAWFUL ARREST AND MALICIOUS PROSECUTION IN VIOLATION OF THE FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION. Plaintiffs v. All Defendants

88.   Plaintiffs incorporate herein by this reference hereto each and every allegation and claims contained in this complaint as if fully set forth herein.

89.   Plaintiffs had a Fourth Amendment right to be free from unreasonable and unlawful seizures, including arrest (except when a law enforcement officer is aware of facts and circumstances based on reasonably trustworthy information or probable cause that would warrant an ordinarily prudent and cautious law enforcement officer to believe Plaintiffs did commit or were committing crimes).

90.   Plaintiffs had a Fifth Amendment right, and a Fourteenth Amendment right, to be secure in "life, liberty, and property," which includes the right to be free from unlawful physical restraints, free from unlawful infliction of pain, suffering, injuries, mental anguish, and free from unlawful arrest and malicious prosecution.

91.   Defendants, while acting under color of law, unlawfully, intentionally, and in bad faith detained, arrested, charged and prosecuted Plaintiffs without probable cause and violated Plaintiffs' constitutional and civil rights arising under the Fourth, Fifth, and Fourteenth Amendments.

92.   Plaintiffs' Fourth, Fifth, and Fourteenth Amendment rights to be free from unlawful detainer and/or arrest without probable cause, and free from wrongful deprivation of life

liberty, and property without due process of law, and free from malicious prosecution, were clearly established rights on March 16, 2024.

93. Defendants unlawful conduct and violations of Plaintiffs' clearly established Constitutional and civil rights was done with actual malice or callous indifference or the conduct was so outrageous, atrocious, and extreme that malice can and must be implied.

94. Plaintiffs were injured and damaged by Defendants' unlawful violations of Plaintiffs' clearly established and constitutional and civil rights.

95. Defendants, joint and several, are liable to Plaintiffs in amounts to be determined, together with past and future medical and mental health treatment, interest, costs, expenses, attorneys' fees and, where appropriate, punitive damages.

## COUNT VII - VIOLATION OF 42 U.S.C. §§ 1983, 1988 – EXCESSIVE USE OF FORCE AND HARM TO REPUTATION IN VIOLATION OF THE FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION
### Plaintiffs v. All Defendants

96. Plaintiffs incorporate herein by this reference hereto each and every allegation and claims contained in this complaint as if fully set forth herein.

97. Justin had a Fourth Amendment right to be free from excessive, unreasonable, and unlawful use of force.

98. Justin had a Fourth Amendment right to be free from unreasonable seizures in the form of excessive and unlawful use of force.

99. Justin had Fifth Amendment and Fourteenth Amendment rights to be free from unlawful deprivation of "life, liberty, or property," which includes the right to be free from unlawful physical restraints; free from unlawful use of force, infliction of pain, suffering, injuries and mental anguish; and free from unlawful harm to reputation.

100. Shawna had Fifth Amendment and Fourteenth Amendment rights to be free from unlawful harm to reputation.

101. Defendants, while acting under the color of law, seized Justin without any facts or circumstances that he was committing crimes and used excessive, unlawful, and unreasonable force.

102. Defendants, while acting under color or law, unlawfully hand cuffed, restrained, seized, body slammed, masked, punched, beat, denied medical treatment, maliciously charged and prosecuted, and afterwards defamed Justin in violation of his Fourth, Fifth, and Fourteenth Amendment rights.

103. Defendants, while acting under color of law, unlawfully defamed Shawna.

104. Justin's Fourth, Fifth, and Fourteenth Amendment rights to be free from unreasonable or unlawful use of force, and wrongful deprivation of "life, liberty, or property," were clearly established rights on March 16, 2024. Shawna's rights to be free from unreasonable, unlawful or wrongful deprivation of "life, liberty, or property," was a clearly established right on March 16, 2024.

105. Defendants' level of force inflicted upon Justin was objectively unreasonable and unlawful under the circumstances, and Defendants' injuries inflicted upon Justin, physical, emotional, reputational, and financial, deprived Justin a of "life, liberty, and property," in violation of his Fourth, Fifth, and Fourteenth Amendment rights.

106. Defendants' unlawful infliction of reputational and emotional injuries on Shawna violated her Fifth and Fourteenth Amendment rights.

107. Defendants' unlawful conduct and violations of Plaintiffs' clearly established Constitutional and civil rights was done with actual malice and/or callous indifference or

the conduct was so outrageous, atrocious, and extreme that malice can and must be implied.

108. Plaintiffs were injured and damaged by Defendants' unlawful violations of their clearly established Constitutional and civil rights.

109. Defendants, joint and several, are liable to Plaintiffs in amounts to be determined together with attorneys' fees, costs, expenses, interests, and all other relief permitted under law including, where permissible, putative damages.

### COUNT VIII – 5 M.R.S.A. § 4682 - VIOLATION OF THE MAINE CONSTITUTION, ARTICLE ON, §§ 1, 5, AND 19
### Plaintiffs v. All Defendants

110. Plaintiffs incorporate herein by this reference each and every allegation and claims contained in this complaint as if fully set forth herein.

111. Plaintiffs had clearly established Maine Constitutional rights to life, liberty, property, safety, and happiness (§1), security in their persons (§5), and redress for injury inflicted on the person or the person's reputation, property or immunities (§19).

112. Defendants, while acting under color of law, intentionally, in bad faith and unlawfully violated Plaintiffs' clearly established Maine Constitutional rights.

113. Defendants' unlawful conduct and violations of Plaintiffs' clearly established Maine Constitutional rights was done with malice and/or callous indifference and/or the conduct was so outrageous, atrocious and extreme that malice can and must be implied.

114. Plaintiffs were injured by Defendants' unlawful violations of Plaintiffs' clearly established Maine Constitutional rights.

115. Defendants, joint and several, are liable to Plaintiffs in an amount to be determined, together with attorneys' fees, costs, expenses, interest and all other relief permitted under law including, where permissible, punitive damages.

## COUNT IX— 42 U.S.C. § 1983, 1988, AND 14 M.R.S. §§ 8101, 8111(1)(E) VICARIOUS LIABILITY, RESPONDENT SUPERIOR, AND FAILURE TO SUPERVISE AND/OR DICIPLINE
### Plaintiffs v. State of Maine, Maine State Police, Col. William G. Ross, and Sergeant Schmidt

116. Plaintiffs incorporate herein by this reference hereto each and every allegation and claims contained in this complaint as if fully set forth herein.

117. At all material times, Defendants Fenderson, Ritland, Schmidt and Ross are employees of the State of Maine and the Maine State Police. At all material times, the Maine State Police is entity or sub-unit of the State of Maine. At all material times, Col. Ross is the superior and supervisor of all Maine State Troopers and employees. On March 16, 2024, Defendant Schmidt was the on-site supervisor of Defendants Fenderson and Ritland.

118. The customs, policies, practices or tolerances of the State of Maine, Maine State Police, Col. Ross, and Sergeant Schmidt comprise the cause of and the moving force behind the unlawful conduct and Constitutional and civil rights violations chronicled in this complaint.

119. At all relevant times, on information and belief, Defendant Col. Ross, as a policymaker for the Maine State Police, adopted or permitted or tolerated a custom, policy, practice or culture permitting the unlawful use of force, deprivation of Constitutional and civil rights and abdicating any appropriate level of supervision and/or discipline of Maine State Police, its employees, and Defendants Fenderson, Ritland and Schmidt.

120. At all relevant times, on information and belief, Defendant Col. Ross, as a policymaker for the Maine State Police, adopted or permitted or tolerated a custom, policy, practice or

culture in which his Troopers and employees would falsify, manufacture and spoliate official reports, evidence, and criminal charges; publish false and defamatory statements on the Internet and to the media; and use excessive and unlawful force against people without regard for the person's physical safety, civil and Constitutional rights, or freedom from assault, battery, defamation, wrongful arrest and malicious prosecutions.

121. Defendant Col. Ross's approach and tolerance of unjustified, unwarranted and limitless discretion by his Troopers and employees amounts to an unconstitutional custom, policy, practice, tolerance and/or culture of the State of Maine and the Maine State Police.

122. During the 10-year period preceding this Complaint, 2015 – 2024, there were 776 reported occurrences of use of force and 33 citizen reports of use of excessive force, each purportedly reviewed and chronicled by the State of Maine and the Maine State Police. Included among the cases reported, reviewed and chronicled are the Plaintiffs' complaints and the complaints made in the case of *Searles v. Troopers Belanger and Turcotte*, U.S. Dist. Ct. (Me), Case Docket #25-CV-00507-JCN (filed 10/02/25). In not one case, which includes this case and the *Searles* case, has the State of Maine or the Maine State Police or Col. Ross found the use of force by any Trooper or employee of the Maine State Police unjustified or excessive. These findings even include this case where contemporaneous video and audio recordings clearly and unmistakenly evidence the use of unjustified, excessive, and unlawful force and the use of falsified, manufactured and spoliated official reports, evidence, and criminal charges, and the publication of false and defamatory Internet and media statements for the purpose of concealing and covering up the unlawful conduct of the Maine State Police. As a result, Defendants' State of Maine, the Maine State Police and Col. Ross created, caused, permitted and tolerated a culture of systemic

unbridled and unregulated unlawful use of force and corruption to exist within the Maine State Police.

123. It was or should have been foreseeable to Defendants State of Maine, Maine State Police and Col. Ross that failing to properly supervise, investigate and discipline Troopers and employees in cases of unlawful use of force and falsified, manufactured and spoliated official reports, evidence, criminal charges and false and defamatory Internet and media publications, implicitly authorizes, encourages, approves and promotes the use of unlawful excessive force and falsified, manufactured and spoiled official reports, evidence, and criminal charges and false and defamatory Internet and media publications, all of which led to and resulted in the wrongs chronicled in this complaint and in the *Searles* case.

124. Defendant Schmidt, as the on-site supervisor in charge on March 16, 2024, failed to properly supervise, report, and discipline Defendants Ritland and Fenderson on Maine 16, 2024, which authorized, encouraged, approved and tolerated the unlawful use of force and falsified, manufactured and spoliated official reports, evidence, criminal charges and defamatory Internet and media publications.

125. Plaintiffs notified Defendants State of Maine, Maine State Police and Col. Ross how Defendants Schmidt, Fenderson and Ritland acted unlawfully, used unlawful force, falsified, manufactured and spoliated official reports, evidence, and criminal charges and published false and defamatory Internet and media statements, and so acted to conceal their own unlawful conduct, all in violation of Plaintiffs' Constitutional and civil rights.

126. Plaintiffs, expressly, notified Defendants State of Maine, Maine State Police and Col. Ross, of the events described in this complaint and evidenced on the contemporaneous video and audio recordings of March 16, 2024.

127. Said Defendants are aware, or should be aware, from the contemporaneous video and audio recordings, of the unlawful acts committed by Defendants Fenderson, Schmidt, and Ritland, that caused harm and injury to Plaintiffs, yet Defendants State of Maine, Maine State Police and Col. Ross exonerated and found unfounded all complaints against Defendants Fenderson, Schmidt, and Ritland. Instead of discipline, Defendants State of Maine, Maine State Police and Col. Ross promoted Defendants Ritland and Fenderson and gave a special honor or award to Defendant Schmidt for breaking his ankle in the line of duty.

128. Defendants State of Maine's, Maine State Police's and Col. Ross's acts or omissions in failing to supervise and/or investigate and/or discipline their Troopers and employees, which includes the Defendants Fenderson, Schmidt, and Ritland, and Troopers Belanger and Turcotte, amounts to intentional bad faith, and deliberate, reckless and callous indifference to the health, safety, Constitutional and civil rights and wellbeing of all people, including Plaintiffs.

129. Defendants' State of Maine, Maine State Police, Col. Ross, and Sgt. Schmidt's failure to supervise, investigate and discipline has resulted in a culture of systemic abuse, unlawful violence and corruption at the Maine State Police.

130. An affirmative link exists between the Constitutional and civil rights violations perpetrated by Defendants Fenderson, Schmidt and Ritland on March 16, 2024, and the failure of Defendants State of Maine, Maine State Police, Col. Ross, and Sgt. Schmidt to

properly supervise and/or investigate and/or discipline Maine State Police Troopers and employees.

131. All Defendants failed to protect the rights, safety, health, and welfare of the Plaintiffs, who suffered serious and lasting injuries and damages.

132. Defendants State of Maine, Maine State Police, Col. Ross, and Sgt. Schmidt are liable, joint and several, to Plaintiffs in an amount to be determined, together with attorneys' fees, interests, expenses, and all other relief permitted under law including, where permissible, punitive damages.

**COUNT X— VIOLATION OF 42 U.S.C. § 1983, 1988 - BREACH OF SPECIAL RELATIONSHIP DOCTRINE IN VIOLATION OF THE FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS**
**Plaintiffs v. All Defendants**

133. Plaintiffs incorporate herein by this reference each and every allegation contained in this complaint as if fully set forth herein.

134. Defendants Fenderson, Schmidt and Ritland, at all times relevant, were acting under the color of law in their capacity as employees of the State of Maine and Maine State Police and their acts or omissions were conducted within the scope of their official duties or employment.

135. Once detained, restrained, in custody or under arrest, Justin and Shawna had clearly established Constitutional rights to be secure and safe in their persons from wrongful abuses and violent acts committed by third parties or by Defendants Fenderson or Schmidt.

136. While detained, restrained and/or in custody, Justin had the clearly established constitutional right to bodily integrity and to be protected from unlawful assault, battery, violence, attacks, body slams, beatings, punches and denial of medical treatment.

137. While detained, retrained, and/or in custody, Shawna had the clearly established constitutional right to be protected from and not exposed to the unlawful violent body slam and beating of Justin and the denial of medical treatment to Justin.

138. Any reasonable police official knew or should have known of Plaintiffs' clearly established rights on March 16, 2024, as these rights were clearly established prior to that date.

139. Defendants' unprivileged unlawful violent actions were objectively unreasonable in light of the facts and circumstances confronting them and violated Justin's and Shawna's state and federal Constitutional and civil rights.

140. Defendants' unprivileged unlawful violent actions were intentional, in bad faith, and malicious, and deliberately violated Plaintiffs' federally and state protected rights. The conduct by Defendants Fenderson and Schmidt shocks the conscience and violated Plaintiffs' federal and state rights, because no detained or restrained or arrested individual should be subjected to unlawful violent beatings or attacks, or body slams, or punches to the face, and denied medical treatment, when the person is detained, restrained, in custody or arrested and, therefore, cannot protect themself.

141. No Defendant took any steps, reasonable or otherwise, to protect Justin or Shawna from Defendants Fenderson's and/or Schmidt's unlawful violent acts.

142. The conduct of Defendants, collectively, resulted in serious bodily and severe emotional injury to Justin and Shawna.

143. Defendants, joint and several, are liable to Plaintiffs in an amount to be determined together with interests, costs, expenses, attorneys' fees and, as against the individual Defendants, punitive damages.

## COUNT XI— 42 U.S.C. § 1983, 1988, AND 14 M.R.S. §§ 8101, 8111(1)(E) - WRONGFUL ARREST
### Plaintiffs v. All Defendants

144. Plaintiffs incorporate herein by this reference each and every allegation contained in this complaint as if fully set forth herein.

145. Defendants lacked probable cause and wrongfully detained, restrained, arrested, charged and prosecuted the Plaintiffs.

146. All charges against the Plaintiffs were dismissed.

147. Plaintiffs were severely damaged physically, emotionally, reputationally, and financially by Defendants' wrongful conduct.

148. Defendants, joint and several, are liable to Plaintiffs in an amount to be determined, together with damages, costs, expenses, interests, attorneys' fees and, as against the individual Defendants, punitive damages.

## COUNT XII — 42 U.S.C. § 1983, 1988, AND 14 M.R.S. §§ 8101, 8111(1)(E) - MALICIOUS PROSECUTION
### Plaintiffs v. All Defendants

149. Plaintiffs incorporate herein by this reference each and every allegation contained in this complaint as if fully set forth herein.

150. Defendants lacked probable cause and wrongfully and maliciously arrested, charged and prosecuted the Plaintiffs and used falsified, manufactured, and spoliated official reports, evidence and criminal charges.

151. All charges against the Plaintiffs were dismissed.

152. Plaintiffs were severely damaged physically, emotionally, reputationally and financially by Defendants' wrongful and malicious prosecutions.

153. Defendants, joint and several, are liable to Plaintiffs in an amount to be determined, together with damages, costs, expenses, interests, attorneys' fees and, as against the individual Defendants, punitive damages.

### COUNT XIII— 42 U.S.C. § 1983, 1988, AND 14 M.R.S. §§ 8101, 8111(1)(E) - SPOLIATION OF EVIDENCE
### Plaintiffs v. All Defendants

154. Plaintiffs incorporate herein by this reference each and every allegation contained in this complaint as if fully set forth herein.

155. Defendants had duties to accurately record and preserve, and not fabricate or spoliate, their official reports and the evidence. 17A M.R.S. §§ 455, 456.

156. Defendants, in violation of law, intentionally and in bad faith, falsified, manufactured, and spoliated their official reports and evidence by, *inter alia*, intentionally writing demonstrably false statements in their official reports, manufacturing false content on audio recordings, conferring and then knowingly falsely charging  Justin with breaking Defendant Schmidt's ankle while attempting to escape, manufacturing that Justin bit Defendant Fenderson's hand, manufacturing that Shawna resisted arrest or used force or obstructed, and destruction or disposal or concealment of Defendant Fenderson's Special Duty Glove and the blood soaked mask. Defendants falsified, manufactured and spoliated official reports, evidence and criminal charges in an effort to conceal and cover-up Defendants Fenderson's and Schmidt's unlawful body slam and beatings of Justin.

157. Plaintiffs were severely harmed physically, emotionally, reputationally and financially by Defendants' falsified, manufactured and spoliated official reports, evidence and criminal charges.

158. Defendants, joint and several, are liable to Plaintiffs in an amount to be determined, together with damages, costs, expenses, interests, attorneys' fees and, as against Defendants Fenderson, Schmidt, and Ritland, punitive damages.

### COUNT XIV— 42 U.S.C. § 1983, 1988, AND 14 M.R.S. §§ 8101, 8111(1)(E) – DEFAMATION AND DEFAMATION PER SE
### Plaintiffs v. All Defendants

159. Plaintiffs incorporate herein by this reference each and every allegation contained in this complaint as if fully set forth herein.

160. Defendants intentionally and in bad faith published to the general public, on the Internet and through the media, false, derogatory and disparaging statements about and concerning the Plaintiffs, including falsely accusing them of crimes, falsely and maliciously publishing that Shawna was a victim of domestic violence perpetrated by Justin, falsely and maliciously accusing Shawna of using force and resisting arrest and obstructing; and falsely and maliciously accusing Justin of domestic violence, assault, resisting arrest, attempting to escape and injuring Defendant Schmidt, biting Defendant Fenderson, and criminally assaulting Defendant Ritland.

161. Defendants' intentional and false publications are matters concerning fact, not opinion, portray Plaintiffs in a false, negative and disparaging light, are harmful to Plaintiffs in their communities and employment, subject Plaintiffs to ridicule, hate, scorn and contempt and constitute defamation "per se" because the publications attribute criminal and other "per se" false derogatory conduct and labels to the Plaintiffs.

162. Defendants' defamatory publications were intentional, in bad faith and malicious. Defendants defamed Plaintiffs in order to conceal and coverup their own unlawful violence, body slam and beatings of Justin.

163. Defendants owed duties not to unlawfully defame Plaintiffs.

164. Defendants actually benefitted from their false and defamatory publications of and concerning Plaintiffs as Defendant Schmidt received an award and Defendants Fenderson and Ritland received promotions.

165. Defendants acted with malice or Defendants' publications were so outrageous and egregious that malice can and must be implied.

166. Defendants knew or should have known that their publications about and concerning Plaintiffs were false, derogatory and disparaging, and would injure, harm and damage the Plaintiffs.

167. Defendants' wrongful conduct has directly and proximately cause injury, and severe emotional distress and damages to the Plaintiffs.

168. As a consequence of their wrongful conduct, Defendants are liable, jointly and severally, to Plaintiffs in an amount to be determined together with interests, costs, expenses, attorneys' fees and, as against the Defendants Fenderson, Schmidt, and Ritland, punitive damages.

## COUNT XV— 14 M.R.S. §§ 8101, 8111(1)(E) - AIDING AND ABETTING
### Plaintiffs v. Defendant Schmidt and Ritland

169. Plaintiffs incorporate herein by this reference hereto each and every allegation and claim contained of this complaint as if fully set forth herein.

170. As alleged above, Defendants Schmidt, Fenderson and Ritland, intentionally and in bad faith, each gave substantial aide and assistance to, facilitated, and aided and abetted, each other's unlawful and tortious conduct chronicled in this complaint.

171. Defendants Schmidt, Fenderson and Ritland had actual knowledge of Defendant Fenderson's and Schmidt's violence against Justin, had actual knowledge that Justin had not attempted to escape, had actual knowledge that Justin had not broken Defendant

Schmidt's ankle, had actual knowledge that Justin had not bitten Defendant Fenderson's hand, and had actual knowledge that Justin and Shawna had not committed crimes, or used force or obstructed. Defendants collaborated and conspired, and aided and abetted, and concealed and covered up their unlawful violence, body slam and beatings of Justin by falsifying, manufacturing and spoliating official reports, evidence, and criminal charges against Plaintiffs. Each Defendant willingly participated in the foregoing wrongful acts with the intent to cover-up and conceal each other's unlawful acts.

172. As a result of each Defendant's aiding and abetting each other Defendant's unlawful conduct, Plaintiffs suffered injuries and damages.

173. Defendants, joint and several, are liable to Plaintiffs for aiding and abetting in an amount to be determined, together with costs, interests, expenses, attorneys' fees and, as against the individual Defendants, punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs Justin Savage and Shawna Morse respectfully request judgment against each and every Defendant, jointly and severally, as follows[1]:

1) With respect to Count I, that the Court enter judgment for Plaintiffs in an amount to be determined, together with interests, costs, attorneys' fees and, as against each individual Defendant, punitive damages;

2) With respect to Count II, that the Court enter judgment for Justin in an amount to be determined, together with interests, costs, attorneys' fees and, as against each individual Defendant, punitive damages;

---

[1] Plaintiffs' demand for punitive damages is limited to each individual Defendant. Plaintiff does not seek punitive damages against the State of Maine or the Maine State Police.

3) With respect to Count III, that the Court enter judgment for Plaintiffs in an amount to be determined, together with interests, costs, attorneys' fees and, as against each individual Defendant, punitive damages;

4) With respect to Count IV, that the Court enter judgment for Plaintiffs in an amount to be determined, together with interests, costs, attorneys' fees and, as against each individual Defendant, punitive damages;

5) With respect to Count V, that the Court enter judgment for Plaintiffs in an amount to be determined, together with interests, costs, attorneys' fees and, as against each individual Defendant, punitive damages;

6) With respect to Count VI, that the Court enter judgment for Plaintiffs in an amount to be determined, together with interests, costs, attorneys' fees and, as against each individual Defendant, punitive damages;

7) With respect to Count VII, that the Court enter judgment for Plaintiffs in an amount to be determined, together with interests, costs, attorneys' fees and, as against each individual Defendant, punitive damages;

8) With respect to Count VIII, that the Court enter judgment for Plaintiffs in an amount to be determined, together with interests, costs, attorneys' fees and, as against each individual Defendant, punitive damages;

9) With respect to Count IX, that the Court enter judgment for Plaintiffs in an amount to be determined, together with interests, costs, attorneys' fees and, as against each individual Defendant, punitive damages;

10) With respect to Count X, that the Court enter judgment for Plaintiffs in an amount to be determined, together with interests, costs, attorneys' fees and, as against each individual Defendant, punitive damages;

11) With respect to Count XI, that the Court enter judgment for Plaintiffs in an amount to be determined, together with interests, costs, attorneys' fees and, as against each individual Defendant, punitive damages;

12) With respect to Count XII, that the Court enter judgment for Plaintiffs in an amount to be determined, together with interests, costs, attorneys' fees and, as against each individual Defendant, punitive damages;

13) With respect to Count XIII, that the Court enter judgment for Plaintiffs in an amount to be determined, together with interests, costs, attorneys' fees and, as against each individual Defendant, punitive damages;

14) With respect to Count XIV, that the Court enter judgment for Plaintiffs in an amount to be determined, together with interests, costs, attorneys' fees and, as against each individual Defendant, punitive damages;

15) With respect to Count XV, that the Court enter judgment for Plaintiffs in an amount to be determined, together with interests, costs, attorneys' fees and, as against each individual Defendant, punitive damages;

16) For actual damages, special damages, where permissible, punitive or exemplary damages, statutory, penal and remedial damages, where permissible injunctive relief, costs of suit; expenses of suit and pre and post judgment interest;

17) For reasonable attorneys' fees; and

18) For all further legal and equitable relief as the Court deems just and proper.

## **JURY DEMAND**

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL ISSUES.**


DATED at Portland, Maine, this 22nd day of October 2025.

<div style="margin-left:50%">

Respectfully Submitted,
Justin Savage and Shawna Morse,
By counsel,


*/s/ Jeffrey Bennett, Esq.*
_____
Jeffrey Bennett, Esq. #7223
Brooke Bailey, Esq. #6760
Allison McGonagle, Esq. #10763
Legal-Ease, LLC, P.A.
Two City Center, 4th Floor
Portland, ME 04101
P: 207-805-0055
F: 207-805-0099

</div>



# Maine State Police ✓
Mar 19 · 🌐

**EXHIBIT 1**

## The Maine State Police is releasing the following information regarding a domestic assault case in Limerick.





Saturday - March 16, 2024

Limerick, ME - On the night of March 16, Troopers from the Southern Field Troop responded to a call on Long Street for a domestic assault in progress. Justin Savage (41) of Limerick was detained by Troopers after he had assaulted his girlfriend, Shawna Morse (26), in front of their home.

During the investigation, Savage became combative and a struggle ensued. Savage landed on the leg of Sergeant Adam Schmidt, breaking his ankle. In further effort to escape, Savage bit Trooper Jamie Fenderson, causing two lacerations on his hand. During this altercation, Morse was also attempting to assist Savage in his escape.

Sgt. Schmidt was transported to the hospital where he was treated and released - he will require surgery for his injuries.

Savage was arrested and transported to the York County Jail. He was charged with Domestic Violence Assault, Assault on a Police Officer, Refusing to Submit to Arrest, and Disorderly Conduct. Morse was also arrested and taken to York County Jail. She is being charged with Obstructing Government Administration and Refusal to Submit to Arrest.

## Edit history 

### March 19, 2024

👍 181 reactions on this version

 **Maine State Police**

The Maine State Police is releasing the following information regarding a domestic assault case in Limerick.



OFFICIAL RELEASE

1 attachment is not displayed ☒

### May 7, 2024

🖼 Removed 1 media from this post

🖼 Added 1 media to this post

 **Maine State Police**

The Maine State Police is releasing the following information regarding a domestic assault case in Limerick.

Edited on 5-7-24 for verbiage.



OFFICIAL RELEASE

## Edit history



**May 7, 2024**

🖼 Removed 1 media from this post

🖼 Added 1 media to this post

 **Maine State Police**

The Maine State Police is releasing the following information regarding a domestic assault case in Limerick.

Edited on 5-7-24 for verbiage.



**May 7, 2024**

 **Maine State Police**

The Maine State Police is releasing the following information regarding a domestic assault case in Limerick.

Edited on 5-7-24.



**Maine State Police** 
March 19, 2024 · 🌐

The Maine State Police is releasing the following information regarding a domestic assault case in Limerick.

Edited on 5-7-24



**Saturday - March 16, 2024**

Limerick, ME - On the night of March 16, Troopers from the Southern Field Troop responded to Long Street for a domestic assault in progress. A neighbor called to report that Justin Savage (41) had assaulted his girlfriend Shawna Morse (26) in front of their home. Troopers arrived and Savage was detained.

During the investigation Savage became combative and a struggle ensued. Savage landed on the leg of Sergeant Adam Schmidt, breaking his ankle. In an effort to escape, Savage then bit Trooper Jamie Fenderson, causing two lacerations on his hand. During this altercation, Morse attempted to assist Savage.

Sgt. Schmidt was transported to the hospital where he was treated and released - he will require surgery for his injuries.

Savage was arrested and transported to the York County Jail. He was charged with Domestic Violence Assault, Assault on a Police Officer, Refusing to Submit to Arrest, and Disorderly Conduct. Morse was arrested and transported to the York County Jail. She is charged with Obstructing Government Administration and Refusal to Submit to Arrest.

   181

56 comments   16 shares

 Like           Comment           Share



**Saturday - March 16, 2024**

**Limerick, ME - On the night of March 16, Troopers from the Southern Field Troop responded to Long Street for a domestic assault in progress. A neighbor called to report that Justin Savage (41) had assaulted his girlfriend Shawna Morse (26) in front of their home. Troopers arrived and Savage was detained.**

**During the investigation Savage became combative and a struggle ensued. Savage landed on the leg of Sergeant Adam Schmidt, breaking his ankle. In an effort to escape, Savage then bit Trooper Jamie Fenderson, causing two lacerations on his hand. During this altercation, Morse attempted to assist Savage.**

**Sgt. Schmidt was transported to the hospital where he was treated and released - he will require surgery for his injuries.**

**Savage was arrested and transported to the York County Jail. He was charged with Domestic Violence Assault, Assault on a Police Officer, Refusing to Submit to Arrest, and Disorderly Conduct. Morse was arrested and transported to the York County Jail. She is charged with Obstructing Government Administration and Refusal to Submit to Arrest.**

**MAINE STATE POLICE**