**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| JUSTIN SAVAGE and SHAWNA MORSE,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF MAINE, MAINE STATE POLICE, COLONEL WILLIAM G. ROSS, TROOPER JAMIE FENDERSON, SERGEANT ADAM SCHMIDT, and DETECTIVE ANNA RITLAND,<br><br>Defendants. | Case No. 2:25-cv-00476-SDN |

## DEFENDANT ANNA RITLAND'S ANSWER TO AMENDED COMPLAINT

Defendant Anna Doughty (née Ritland) answers Plaintiffs' First Amended Complaint (ECF. No. 4), as follows:

## PARTIES, JURISDICTION, AND VENUE

1. This paragraph contains Plaintiffs' description of this action and contains no allegations asserted against the Defendant such that no response is required. To the extent that a response is required, Defendant denies the allegations in this Paragraph.

2. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore denies them.

3. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore denies them.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore denies them.

5. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore denies them.

6. Defendant admits that William G. Ross is an individual employed as a Colonel with the Maine State Police.

7. Defendant admits that Jamie Fenderson is an individual employed as a Corporal with the Maine State Police and was previously employed with the Maine State Police as a "Trooper."

8. Defendant admits that Adam Schmidt is an individual employed as a Sergeant with the Maine State Police.

9. Defendant admits that Anna Ritland, whose married name is now Anna Doughty, is an individual employed by the Maine State Police as a "Detective," and was previously employed with the Maine State Police as a "Trooper."

10. Defendant denies the allegations of this Paragraph.

11. Defendant denies the allegations of this Paragraph.

12. This Paragraph consists of mostly legal argumentation and contains no factual allegations such that no response is required. To the extent that a response is required, Defendant denies the allegations in this Paragraph.

## STATEMENT OF FACTS

13. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore denies them.

14. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore denies them.

15. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore denies them.

16. Defendant admits the allegations in this Paragraph.

17. Defendant denies the accuracy of the allegations of this Paragraph.

18. Defendant denies the accuracy of the allegations of this Paragraph.

19. Defendant denies the accuracy of the allegations of this Paragraph.

20. Defendant denies the accuracy of the allegations of this Paragraph.

21. Defendant denies the accuracy of the allegations of this Paragraph.

22. Defendant denies the accuracy of the allegations of this Paragraph.

23. Defendant denies the accuracy of the allegations of this Paragraph.

24. Defendant denies the accuracy of the allegations of this Paragraph.

25. Defendant denies the accuracy of the allegations of this Paragraph.

26. Defendant denies the accuracy of the allegations of this Paragraph.

27. Defendant denies the accuracy of the allegations of this Paragraph.

28. Defendant denies the accuracy of the allegations of this Paragraph.

29. Defendant denies the accuracy of the allegations of this Paragraph.

30. Defendant denies the accuracy of the allegations of this Paragraph.

31. Defendant denies the accuracy of the allegations of this Paragraph.

32. Defendant denies the accuracy of the allegations of this Paragraph.

33. Defendant denies the accuracy of the allegations of this Paragraph.

34. Defendant denies the accuracy of the allegations of this Paragraph.

35. Defendant denies the accuracy of the allegations of this Paragraph.

36. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore denies them.

37. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore denies them.

38. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore denies them.

39. Defendant denies the accuracy of the allegations of this Paragraph.

40. Defendant denies the accuracy of the allegations of this Paragraph.

41. Defendant denies the accuracy of the allegations of this Paragraph.

42. Defendant denies the accuracy of the allegations of this Paragraph.

43. Defendant denies the accuracy of the allegations of this Paragraph.

44. Defendant denies the accuracy of the allegations of this Paragraph.

**Count I**
**MAINE TORT CLAIMS ACT**
**14 MR.S. §§ 8101, 8111(1)(E**
**ASSAULT**
**Plaintiffs v. Defendants Fenderson, Schmidt & Ritland**

45. Defendant incorporates by reference her response to all foregoing paragraphs.

46. Defendant denies the accuracy of the allegations of this Paragraph.

47. Defendant denies the accuracy of the allegations of this Paragraph.

48. Defendant denies the accuracy of the allegations of this Paragraph.

49. Defendant denies the accuracy of the allegations of this Paragraph.

50. Defendant denies the accuracy of the allegations of this Paragraph.

**COUNT II**
**MAINE TORT CLAIMS ACT 14 M.R.S. §§ 8101, 8111(1)(E)**
**BATTERY**
**Justin Savage v. Defendants Fenderson and Schmidt**

51. Defendant incorporates by reference her response to all foregoing paragraphs.

52. Because Count II is not alleged against Defendant Ritland, no response is required. To the extent that a response is required, Defendant denies the accuracy of the allegations of this Paragraph.

53. Because Count II is not alleged against Defendant Ritland, no response is required. To the extent that a response is required, Defendant denies the accuracy of the allegations of this Paragraph.

54. Because Count II is not alleged against Defendant Ritland, no response is required. To the extent that a response is required, Defendant denies the accuracy of the allegations of this Paragraph.

55. Because Count II is not alleged against Defendant Ritland, no response is required. To the extent that a response is required, Defendant denies the accuracy of the allegations of this Paragraph.

56. Because Count II is not alleged against Defendant Ritland, no response is required. To the extent that a response is required, Defendant denies the accuracy of the allegations of this Paragraph.

57. Because Count II is not alleged against Defendant Ritland, no response is required. To the extent that a response is required, Defendant denies the accuracy of the allegations of this Paragraph.

**COUNT III**
**MAINE TORT CLAIMS ACT 14 M.R.S. §§ 8101, 8111(1)(E)**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**Plaintiffs v. Defendants Fenderson, Schmidt and Ritland**

58. Defendant incorporates by reference her response to all foregoing paragraphs.

59. Defendant denies the accuracy of the allegations of this Paragraph.

60. Defendant denies the accuracy of the allegations of this Paragraph.

61. Defendant denies the accuracy of the allegations of this Paragraph.

62. Defendant denies the accuracy of the allegations of this Paragraph.

63. Defendant denies the accuracy of the allegations of this Paragraph.

64. Defendant denies the accuracy of the allegations of this Paragraph.

65. Defendant denies the accuracy of the allegations of this Paragraph.

66. Defendant denies the accuracy of the allegations of this Paragraph.

**COUNT IV**
**VIOLATION OF 42 U.S.C. §§ 1983, 1988**
**THE MAINE CIVIL RIGHTS ACT, 5 M.R.S.A. § 4682**
**AND THE MAINE TORT CLAIM ACT, 14 M.R.S. §§ 8101, 8111(1)(E)**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**
**Plaintiffs v. Defendants Fenderson, Schmidt and Ritland**

67. Defendant incorporates by reference her response to all foregoing paragraphs.

68. Defendant denies the accuracy of the allegations of this Paragraph.

69. Defendant denies the accuracy of the allegations of this Paragraph.

70. Defendant denies the accuracy of the allegations of this Paragraph.

71. Defendant denies the accuracy of the allegations of this Paragraph.

72. Defendant denies the accuracy of the allegations of this Paragraph.

73. Defendant denies the accuracy of the allegations of this Paragraph.

74. Defendant denies the accuracy of the allegations of this Paragraph.

75. Defendant denies the accuracy of the allegations of this Paragraph.

76. Defendant denies the accuracy of the allegations of this Paragraph.

**COUNT V**
**M.R.S.A. § 4682**
**MAINE CIVIL RIGHTS ACT VIOLATION**
**Plaintiffs v. All Defendants**

77. Defendant incorporates by reference her response to all foregoing paragraphs.

78. Defendant denies the accuracy of the allegations of this Paragraph.

79. Defendant denies the accuracy of the allegations of this Paragraph.

80. Defendant denies the accuracy of the allegations of this Paragraph.

81. Defendant denies the accuracy of the allegations of this Paragraph.

82. Defendant denies the accuracy of the allegations of this Paragraph.

83. Defendant denies the accuracy of the allegations of this Paragraph.

84. Defendant denies the accuracy of the allegations of this Paragraph.

85. Defendant denies the accuracy of the allegations of this Paragraph.

86. Defendant denies the accuracy of the allegations of this Paragraph.

87. Defendant denies the accuracy of the allegations of this Paragraph.

**COUNT VI**
**VIOLATION OF 42 U.S.C. §§ 1983, 1988**
**UNLAWFUL ARREST AND MALICIOUS PROSECUTION IN VIOLATION OF THE FORTH, FIFTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STSTES CONSTITUTION**
**Plaintiffs v. All Defendants**

88. Defendant incorporates by reference her response to all foregoing paragraphs.

89. This Paragraph consists entirely of legal argumentation such that a response is not required. To the extent that a response is required, Defendant denies the allegations in this Paragraph.

90. Defendant denies the accuracy of the allegations of this Paragraph.

91. Defendant denies the accuracy of the allegations of this Paragraph.

92. This Paragraph consists entirely of legal argumentation such that a response is not required. To the extent that a response is required, Defendant denies the allegations in this Paragraph.

93. Defendant denies the accuracy of the allegations of this Paragraph.

94. Defendant denies the accuracy of the allegations of this Paragraph.

95. Defendant denies the accuracy of the allegations of this Paragraph.

**COUNT VII**
**VIOLATION OF 42 U.S.C. §§ 1983, 1988**
**EXCESSIVE USE OF FORCE AND HARM TO REPUTATION IN VIOLATION OF THE FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION**
**Plaintiffs v. All Defendants**

96. Defendant incorporates by reference her response to all foregoing paragraphs.

97. This Paragraph consists entirely of legal argumentation such that a response is not required. To the extent that a response is required, Defendant denies the allegations in this Paragraph.

98. This Paragraph consists entirely of legal argumentation such that a response is not required. To the extent that a response is required, Defendant denies the allegations in this Paragraph.

99. This Paragraph consists entirely of legal argumentation such that a response is not required. To the extent that a response is required, Defendant denies the allegations in this Paragraph.

100. This Paragraph consists entirely of legal argumentation such that a response is not required. To the extent that a response is required, Defendant denies the allegations in this Paragraph.

101. Defendant denies the accuracy of the allegations of this Paragraph.

102. Defendant denies the accuracy of the allegations of this Paragraph.

103. Defendant denies the accuracy of the allegations of this Paragraph.

104. This Paragraph consists entirely of legal argumentation such that a response is not required. To the extent that a response is required, Defendant denies the allegations in this Paragraph.

105. Defendant denies the accuracy of the allegations of this Paragraph.

106. Defendant denies the accuracy of the allegations of this Paragraph.

107. Defendant denies the accuracy of the allegations of this Paragraph.

108. Defendant denies the accuracy of the allegations of this Paragraph.

109. Defendant denies the accuracy of the allegations of this Paragraph.

**COUNT VIII**
**5 M.R.S.A. § 4682**
**VIOLATION OF THE MAINE CONSTITUTION**
**ARTICLE ON, §§ 1, 5, AND 19**
**Plaintiffs v. All Defendants**

110. Defendant incorporates by reference her response to all foregoing paragraphs.

111. This Paragraph consists entirely of legal argumentation such that a response is not required. To the extent that a response is required, Defendant denies the allegations in this Paragraph.

112. Defendant denies the accuracy of the allegations of this Paragraph.

113. Defendant denies the accuracy of the allegations of this Paragraph.

114. Defendant denies the accuracy of the allegations of this Paragraph.

115. Defendant denies the accuracy of the allegations of this Paragraph.

116. Defendant denies the accuracy of the allegations of this Paragraph.

**COUNT IX**
**42 U.S.C. § 1983, 1988, AND 14 M.R.S. §§ 1801, 8111(1)(E)**
**VICARIOUS LIABILITY, RESPONDENT SUPERIOR,**
**AND FAILURE TO SUPERVISE AND/OR DISCIPLINE**
**Plaintiffs v. State of Maine, Maine State Police, Col. William G. Ross,**
**and Sergeant Schmidt**

116. Defendant incorporates by reference her response to all foregoing paragraphs.

117. Because Count IX is not alleged against Defendant Ritland, no response is required. To the extent that a response is required, Defendant admits that on March 16, 2024, she was—and remains—an employee of the Maine State Police. Defendant admits that Defendants Fenderson and Schmidt were employees of the Maine State Police on March 16, 2024, and are still employed by the Maine State Police today. Defendant further admits that on March 16, 2024, Defendant Ross was—and remains—Chief of the Maine State Police and is the superior officer to all Maine State Police troopers.

118. Because Count IX is not alleged against Defendant Ritland, no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore denies them.

119. Because Count IX is not alleged against Defendant Ritland, no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore denies them.

120. Because Count IX is not alleged against Defendant Ritland, no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore denies them.

121. Because Count IX is not alleged against Defendant Ritland, no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore denies them.

122. Because Count IX is not alleged against Defendant Ritland, no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore denies them.

123. Because Count IX is not alleged against Defendant Ritland, no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore denies them.

124. Because Count IX is not alleged against Defendant Ritland, no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore denies them.

125. Because Count IX is not alleged against Defendant Ritland, no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore denies them.

126. Because Count IX is not alleged against Defendant Ritland, no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore denies them.

127. Because Count IX is not alleged against Defendant Ritland, no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore denies them.

128. Because Count IX is not alleged against Defendant Ritland, no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore denies them.

129. Because Count IX is not alleged against Defendant Ritland, no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore denies them.

130. Because Count IX is not alleged against Defendant Ritland, no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore denies them.

131. Because Count IX is not alleged against Defendant Ritland, no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore denies them.

132. Because Count IX is not alleged against Defendant Ritland, no response is required. To the extent that a response is required, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore denies them.

**COUNT X**
**VIOLATION OF 42 U.S.C. § 1983 § 1988**
**BREACH OF SPECIAL RELATIONSHIP DOCTRINE IN VIOLATION OF THE FOURTH, FIFTH, AND FOURTEENTH AMENDMENTS**
**Plaintiffs v. All Defendants**

133. Defendant incorporates by reference her response to all foregoing paragraphs.

134. This Paragraph consists entirely of legal argumentation such that a response is not required. To the extent that a response is required, Defendant denies the allegations in this Paragraph.

135. This Paragraph consists entirely of legal argumentation such that a response is not required. To the extent that a response is required, Defendant denies the allegations in this Paragraph.

136. This Paragraph consists entirely of legal argumentation such that a response is not required. To the extent that a response is required, Defendant denies the allegations in this Paragraph.

137. This Paragraph consists entirely of legal argumentation such that a response is not required. To the extent that a response is required, Defendant denies the allegations in this Paragraph.

138. This Paragraph consists entirely of legal argumentation such that a response is not required. To the extent that a response is required, Defendant denies the allegations in this Paragraph.

139. Defendant denies the accuracy of the allegations of this Paragraph.

140. Defendant denies the accuracy of the allegations of this Paragraph.

141. Defendant denies the accuracy of the allegations of this Paragraph.

142. Defendant denies the accuracy of the allegations of this Paragraph.

143. Defendant denies the accuracy of the allegations of this Paragraph.

**COUNT XI**
**42 U.S.C. § 1983, 1988, AND 14 M.R.S. §§ 8101, 8111(1)(E)**
**WRONGFUL ARREST**
**Plaintiffs v. All Defendants**

144. Defendant incorporates by reference her response to all foregoing paragraphs.

145. Defendant denies the accuracy of the allegations of this Paragraph.

146. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore denies them.

147. Defendant denies the accuracy of the allegations of this Paragraph.

148. Defendant denies the accuracy of the allegations of this Paragraph.

**COUNT XII**
**42 U.S.C. § 1983, 1988, AND 14 M.R.S. §§ 8101, 8111(1)(E)**
**MALICIOUS PROSECUTION**
**Plaintiffs v. All Defendants**

149. Defendant incorporates by reference her response to all foregoing Paragraphs.

150. Defendant denies the accuracy of the allegations of this Paragraph.

151. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in this Paragraph and therefore denies them.

152. Defendant denies the accuracy of the allegations of this Paragraph.

153. Defendant denies the accuracy of the allegations of this Paragraph.

**COUNT XIII**
**42 U.S.C. § 1983, 1988, AND 14 M.R.S. §§ 8101, 8111(1)(E)**
**SPOLIATION OF EVIDENCE**
**Plaintiffs v. All Defendants**

154. Count XIII was dismissed by the Court on August 8, 2026 (ECF No. 23) and therefore no longer requires a response. To the extent that a response is required, Defendant incorporates by reference her response to all foregoing Paragraphs.

155. Count XIII was dismissed by the Court on August 8, 2026 (ECF No. 23) and therefore no longer requires a response. To the extent that a response is required, Defendant denies the allegations of this Paragraph.

156. Count XIII was dismissed by the Court on August 8, 2026 (ECF No. 23) and therefore no longer requires a response. To the extent that a response is required, Defendant denies the allegations of this Paragraph.

157. Count XIII was dismissed by the Court on August 8, 2026 (ECF No. 23) and therefore no longer requires a response. To the extent that a response is required, Defendant denies the allegations of this Paragraph.

158. Count XIII was dismissed by the Court on August 8, 2026 (ECF No. 23) and therefore no longer requires a response. To the extent that a response is required, Defendant denies the allegations of this Paragraph.

**COUNT XIV**
**42 U.S.C. § 1983, 1988, AND 14 M.R.S. §§ 8101, 8111(1(E)**
**DEFAMATION AMD DEFAMATION PER SE**
**Plaintiff v. All Defendants**

159. Defendant incorporates by reference her response to all foregoing paragraphs.

160. Defendant denies the accuracy of the allegations of this Paragraph.

161. Defendant denies the accuracy of the allegations of this Paragraph.

162. Defendant denies the accuracy of the allegations of this Paragraph.

163. This Paragraph consists entirely of legal argumentation such that a response is not required. To the extent that a response is required, Defendant denies the allegations in this Paragraph.

164. Defendant denies the accuracy of the allegations of this Paragraph.

165. Defendant denies the accuracy of the allegations of this Paragraph.

166. Defendant denies the accuracy of the allegations of this Paragraph.

167. Defendant denies the accuracy of the allegations of this Paragraph.

168. Defendant denies the accuracy of the allegations of this Paragraph.

**COUNT XV**
**14 M.R.S. §§ 8101, 8111(1)(E)**
**AIDING AND ABETTING**
**Plaintiffs v. Defendant Schmidt and Ritland**

169. Defendant incorporates by reference her response to all foregoing paragraphs.

170. Defendant denies the accuracy of the allegations of this Paragraph.

171. Defendant denies the accuracy of the allegations of this Paragraph.

172. Defendant denies the accuracy of the allegations of this Paragraph.

173. Defendant denies the accuracy of the allegations of this Paragraph.

**AFFIRMATIVE DEFENSES**

1. One or more Plaintiffs lack standing to assert their claims.

2. One or more counts in the Amended Complaint fails to state a claim upon which relief can be granted.

3. One or more of Plaintiffs' claims are nonjusticiable.

4. One or more of Plaintiffs' claims are barred by sovereign immunity, the Eleventh Amendment of the United States Constitution, and/or both.

5. The Court lacks subject matter jurisdiction over one or more of Plaintiffs' claims.

6. This is the improper venue for one or more of Plaintiffs' claims.

7. Defendant is entitled to qualified immunity regarding one or more of Plaintiffs' claims.

8. One or more of Plaintiffs' claims are barred for failure to comport with the Maine Tort Claims Act.

9. One or more claims are barred by absolute immunity.

10. One or more claims are subject to statutory immunity under Maine law.

11. One or more claims are barred by the doctrine of unclean hands.

12. One or more claims are barred in whole—or in part—by the contributory negligence of Plaintiff(s).

## PRAYER FOR RELIEF

Defendant respectfully requests that the Court enter judgment in favor of Defendant on each and every count.

DATED: September 8, 2026

Respectfully submitted,

AARON M. FREY
Attorney General

/s/ *Paul E. Suitter*
Paul E. Suitter
Assistant Attorney General
6 State House Station
Augusta ME 04333-0006
Tel. (207) 626-8800

Fax (207) 287-3145

paul.suitter@maine.gov

*Counsel for Defendant*