**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| JUSTIN SAVAGE and SHAWNA MORSE,<br><br>Plaintiffs,<br>v.<br><br>STATE OF MAINE, MAINE STATE POLICE, COLONEL WILLIAM G. ROSS, TROOPER JAMIE FENDERSON, SERGEANT ADAM SCHMIDT, and DETECTIVE ANNA RITLAND,<br><br>Defendants. | Case No. 2:25-cv-00476-SDN |

**DEFENDANT COLONEL WILLIAM G. ROSS'S**
**MOTION FOR JUDGMENT ON THE PLEADINGS**

Pursuant to Federal Rule of Civil Procedure 12(c), Defendant Colonel William G. Ross moves for judgment on the pleadings on all remaining counts asserted against him.

**Background and Procedural History**

The factual allegations for this case are set forth in this Court's Order on Defendants' Partial Motion to Dismiss ("Order"), which Colonel Ross adopts and does not dispute for purposes of considering this Rule 12(c) Motion for Judgment on the Pleadings. Order at 2-4 (ECF No. 16). The Order also sets forth the procedural history for this action, through the Court's partial grant of Defendants' Partial Motion to Dismiss on August 11, 2026. *Id.* at 4-6. On September 9, Colonel Ross filed his Answer, generally denying the allegations set forth against him. Ross Answer (ECF No. 28). Now that the pleadings are closed, Colonel Ross respectfully moves for judgment on all counts asserted against him, pursuant to Rule 12(c).[1]

[1] Plaintiffs and all other Defendants are concurrently proceeding through fact discovery on Counts that are not subject to this Motion. *See, e.g.*, Jt. Disc. Plan (ECF No. 32).

## **Legal Standards**

**I. A Rule 12(c) motion for judgment on the pleadings is reviewed under substantially the same legal standards as a motion filed pursuant to Rule 12(b).**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Court is to apply to "the pleadings as a whole" substantially the same standard it applies to a complaint when considering a motion to dismiss for failure to state a claim: the Court should grant the motion "if the uncontested and properly considered facts conclusively establish the movant's entitlement to a favorable judgment." *Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 54-55 (1st Cir. 2006); *see also Curran v. Cousins*, 509 F.3d 36, 43 (1st Cir. 2007) (affirming disposition of constitutional claims on cross-motions for judgment on the pleadings).

When considering a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. *Germanowski v. Harris*, 854 F.3d 68, 69 (1st Cir. 2017). But the Court "need not credit a plaintiff's 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Alston v. Spiegel*, 988 F.3d 564, 571 (1st Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Nor is it bound to accept legal conclusions framed as factual allegations. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 10 (1st Cir. 2011); *see also Maldonado v. Fontanes*, 568 F.3d 263, 266, 268 (1st Cir. 2009). Following removal of conclusory allegations, the Court determines whether the remaining allegations state a claim for relief that is plausible on its face and allows the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Germanowski*, 854 F.3d at 72 (quoting *Iqbal*, 556 U.S. at 678).

When evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the Court also takes the well-pleaded facts as true and disregards "unsupported conclusions or interpretations of

law." *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995) (quoting *Wash. Legal Found. v. Mass. Bar Found.*, 993 F.2d 962, 971 (1st Cir. 1993)). However, if jurisdictional facts are challenged, the Court "must address the merits of the jurisdictional claim by resolving the factual disputes between the parties." *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 363 (1st Cir. 2001).

**II. Qualified immunity protects the discretionary actions of government officials unless the plaintiff plausibly alleges a violation of clearly established law.**

"Public officials have 'qualified immunity' from personal liability for actions taken while performing discretionary functions." *Barton v. Clancy*, 632 F.3d 9, 21 (1st Cir. 2011) (quoting *Lynch v. City of Boston*, 180 F.3d 1, 13 (1st Cir. 1999)). "Qualified immunity is designed to confer protection from the travails of suit as well as from the imposition of damages" and should be evaluated "at the earliest practicable stage of litigation." *MacDonald v. Town of Eastham*, 745 F.3d 8, 12 (1st Cir. 2014). A qualified immunity analysis consists of two prongs: 1) whether the facts alleged or established "make out violation of a constitutional right;" and 2) whether the right was "clearly established at the time of the alleged violation." *Barton*, 632 F.3d at 21-22; *MacDonald*, 745 F.3d at 12. To determine that the violation was clearly established, the Court must examine both the clarity of the law at the time of the alleged violation and whether a reasonable defendant would have understood that his or her conduct was unconstitutional. *Barton*, 632 F.3d at 22. This "inquiry 'must be undertaken in light of the specific context of the case, not as a broad general proposition.'" *Maldonado*, 568 F.3d at 269 (quoting *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004)); *see also Walden v. City of Providence, R.I.*, 596 F.3d 38, 53 (1st Cir. 2010). The Supreme Court has left it to the "sound discretion" of district court judges "in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Qualified immunity "sweeps so broadly that 'all but the plainly incompetent or those who knowingly violate the law' are protected from civil rights suits for money damages." *Hegarty v. Somerset Cnty.*, 53 F.3d 1367, 1373 (1st Cir. 1995) (quoting *Hunter v. Bryant*, 502 U.S. 224, 229 (1991)). Thus, "government officials" are given "breathing room to make reasonable but mistaken judgments about open legal questions." *MacDonald*, 745 F.3d at 11 (1st Cir. 2014) (quoting *Ashcroft v. Kidd*, 563 U.S. 731, 743 (2011)). The protection applies "regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" *Pearson*, 555 U.S. at 231 (quoting *Groh v. Ramirez*, 540 U.S. 551, 567 (2004) (Kennedy, J., dissenting)). Ultimately, the "burden of demonstrating" an official's actions violated clearly established law rests with the plaintiff. *Mitchell v. Miller*, 790 F.3d 73, 77 (1st Cir. 2015); *see also Davis v. Scherer*, 468 U.S. 183, 197 (1984) ("A plaintiff who seeks damages for violation of constitutional or statutory rights may overcome the defendant official's qualified immunity only by showing that those rights were clearly established at the time of the conduct at issue.").

A right is clearly established "either when it is dictated by controlling authority or a robust consensus of cases of persuasive authority." *Fox v. Makin*, No. 2:22-cv-251-GZS, 2023 WL 5279518, at *14 (Aug. 16, 2023) (quoting *Irish v. Fowler*, 979 F.3d 65, 76 (1st Cir. 2020)). In other words, the right is clearly established only when "every reasonable official would have understood that what he is doing violates that right." *Id.* (quoting *Mullenix v. Luna*, 577 U.S. 7, 11 (2015)). And although a plaintiff need not point to caselaw with perfectly analogous facts, "clearly established law should not be defined at a high level of generality." *Id.* (quoting *White v. Pauly*, 580 U.S. 73, 79 (2017) (per curiam)). Caselaw presented by a plaintiff "must be particularized to the facts of the case because, otherwise, plaintiffs would be able to convert the

rule of qualified immunity . . . into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights." *Id.* (quoting *White*, 580 U.S. at 79) (cleaned up).

## Argument

### I. All civil rights claims against Colonel Ross should be dismissed for absence of specific allegations of his individual wrongdoing.

Plaintiffs cannot prevail on any of the civil rights claims asserted against Colonel Ross pursuant to § 1983 or the Maine Civil Rights Act. Binding case law provides that merely holding a supervisory role cannot form the basis for civil rights damages. Plaintiffs have not alleged any direct involvement by Colonel Ross in the actions forming the basis of their claims, nor did they plead plausible facts that could formulate a deliberate indifference claim against him. Finally, even if Plaintiffs had asserted a plausible claim for relief against Colonel Ross on the merits, he would nevertheless still be entitled to qualified immunity on any such claim.

A. Respondeat superior liability cannot form the basis for relief in civil rights litigation.

To maintain a civil rights claim under § 1983 or the Maine Civil Rights Act, a plaintiff must allege: "1) that the conduct complained of has been committed under color of state law, and 2) that this conduct worked a denial of rights secured by the Constitution or laws of the United States."[2] *Barreto-Rivera v. Medina-Vargas*, 168 F.3d 42, 45 (1st Cir. 1999). Further, to the extent a plaintiff asserts a Section 1983 claim against an individual defendant, the plaintiff's allegations must support a finding that the individual, through his or her individual actions, violated the plaintiff's constitutional rights. *See Iqbal*, 556 U.S. at 676; *see also Ramírez-De León v. Mujica-Cotto*, 345 F. Supp. 2d 174, 183 (D. P. R. 2004) (citing *Voutour v. Vitale*, 761 F.2d 812, 819 (1st

[2] The Maine Civil Rights Act ("MCRA") also reaches violations of the Maine Constitution and Maine law, but Section 1983 and MCRA claims are "analyzed co-extensively." *Cady v. Walsh*, 753 F.3d 348, 356 n.6 (1st Cir. 2014); *Berube v. Conley*, 506 F.3d 79, 85 (1st Cir. 2007) ("The disposition of a 42 U.S.C. § 1983 claim also controls a claim under the MCRA.").

Cir. 1985)) ("An element of a § 1983 claim is that defendant must be personally and directly involved in causing a violation of the plaintiff's federally protected rights."); *Velez-Rivera v. Agosto-Alicea*, 437 F.3d 145, 156 (1st Cir. 2006) ("It is well-established that only those individuals who participated in the conduct that deprived the plaintiff of his rights can be held liable.").

This personal involvement element requires the plaintiff to show a causal connection between the specific defendant's acts and the alleged constitutional rights deprivation. *Lipsett v. Univ. of P.R.*, 864 F.2d 881, 902 (1st Cir. 1988)). That showing may consist of direct acts by the defendant, certain acts performed at the defendant's direction, or the defendant's knowledge of and consent to alleged acts. *Ramírez-De León,* 345 F. Supp. 2d at 184. In other words, a defendant "may not be held liable under a theory of respondeat superior; rather, a plaintiff must show that 'each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Arocho-Rodriguez v. Concepcion*, 177 F.4th 39, 44 (1st Cir. 2026) (quoting *Iqbal*, 556 U.S. at 676); *see also Richards v. Town of Eliot*, 780 A.2d 281, 294 (Me. 2001) ("Respondeat superior or vicarious liability will not attach under § 1983.") (citing *Canton v. Harris*, 489 U.S. 378, 385 (1989))..

B. Plaintiffs have not plausibly alleged that Colonel Ross's personal actions were responsible for violating their constitutional rights.

Here, Plaintiffs make no allegations in the Amended Complaint that Colonel Ross was directly involved in their arrest or prosecution. *See Dewey v. Univ. of N.H.*, 694 F.2d 1, 3 (1st Cir. 1982) (in actions under Section 1983 "we insist that the claim at least set forth minimal facts, not subjective characterizations, as to who did what to whom and why"). Nor have they alleged that Colonel Ross engaged in any specific actions that resulted in excessive force or their purportedly unconstitutional arrest or prosecution. *See, e.g.*, *Cepero-Rivera v. Fagundo*, 414 F.3d 124, 129 (1st Cir. 2005) (agreeing with the district court's statement that defendants "have not taken any

action adverse to plaintiff"). Instead, Plaintiffs seem to attribute all allegations of wrongdoing to Colonel Ross, simply due to his position as chief of the Maine State Police.

Their allegations against Colonel Ross broadly fall into three categories. First, they broadly allege that Colonel Ross was responsible for all of his employees' actions as their supervisor. *See* Am. Compl. at ¶¶ 6, 10-11, 117. Second, they generally allege that Colonel Ross was a policymaker for the Maine State Police who adopted, permitted, or tolerated a custom, practice, or policy of making unconstitutional arrests. *Id.* ¶¶ 118-23. Third, they point to actions that Colonel Ross took <u>after</u> their purportedly unconstitutional arrest, principally related to honoring—rather than disciplining—the officers who arrested the Plaintiffs. *Id.* ¶¶ 125-32. None of these allegations amounts to a plausible civil rights claim against Colonel Ross.

As the Supreme Court has repeatedly explained, "[r]espondeat superior or vicarious liability will not attach under § 1983." *Canton*, 489 U.S. at 385. This, alone, defeats Plaintiffs' first theory for Ross's liability. Nor are Colonel Ross's post-arrest actions relevant to their potential civil rights claims. That is because "the causal link between a supervisor's conduct and the constitutional violation must be solid." *Justiniano v. Walker*, 986 F.3d 11, 20 (1st Cir. 2021) (quoting *Guadalupe-Báez*, 819 F.3d 509, 515 (1st Cir. 2016)). And establishing causation "contemplates proof that the supervisor's conduct led inexorably to the constitutional violation." *Id.* (quoting *Guadalupe-Báez*, 819 F.3d at 515). Accordingly, because actions taken in response to Plaintiffs' arrest could not have "led inexorably" to constitutional violations they had purportedly already suffered, *see* Am. Compl. ¶¶ 125-32, any such actions are irrelevant to proving the civil rights claims alleged against Colonel Ross.

That leaves only Plaintiffs' second theory—that Colonel Ross was deliberately indifferent to a purported Maine State Police custom or practice of making unconstitutional arrests. In this

context, an official may be held liable only if (1) the subordinate employees in fact committed a constitutional violation; and "(2) the [supervisor]'s action or inaction was affirmative[ly] link[ed] to that behavior in the sense that it could be characterized as supervisory encouragement, condonation or acquiescence or gross negligence amounting to deliberate indifference." *Pineda v. Toomey*, 533 F.3d 50, 54 (1st Cir. 2008) (quoting *Lipsett v. Univ. of P.R.*, 864 F.2d 881, 902 (1st Cir. 1988)).

"A pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick v. Thompson*, 563 U.S. 51, 62 (2011). Alternatively, "[a] causal link may also be forged if there exists a known history of widespread abuse sufficient to alert a supervisor to ongoing violations." *Maldonado-Denis v. Castillo-Rodriguez*, 23 F.3d 576, 582 (1st Cir. 1994). Plaintiffs have apparently attempted to draw this latter causal link by alleging that the Maine State Police did not find any excessive or unjustified uses of force committed by its officers in the decade preceding their arrest. Am. Compl. ¶ 122.

That allegation, however, falls far short of the causal link required to sustain plausible claims that Ross was deliberately indifferent. "Without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Connick*, 563 U.S. at 62. Moreover, "for a police supervisor to be deemed 'deliberately indifferent,' the supervisor must have 'actual or constructive knowledge' of a 'grave risk of harm' <u>posed by the subordinate</u> and fail to take 'easily available measures to address the risk.'" *Saldivar v. Racine*, 818 F.3d 14, 18 (1st Cir. 2016) (emphasis added) (quoting *Camilo-Robles v. Hoyos*, 151 F.3d 1, 6-7 (1st Cir. 1998)).

All in all, Colonel Ross is entitled to judgment on all civil rights claims asserted against him, because Plaintiffs' Amended Complaint "does not identify any affirmative acts by [Ross] that might arguably constitute deliberate indifference." *Parker v. Landry*, 935 F. 3d 9, 15 (1st Cir. 2019).[3]

C. Even if the Court considered the Amended Complaint sufficient to assert a constitutional violation against Colonel Ross, he is nevertheless entitled to qualified immunity.

Part I.B. above explains why Plaintiffs have failed to allege a plausible § 1983 or MCRA violation against Colonel Ross. But even if this Court disagrees, Plaintiffs nevertheless cannot meet their heavy burden to demonstrate that Colonel Ross's purported actions violated "clearly established" Fourth Amendment law.

The Supreme Court has "repeatedly" cautioned courts "not to define clearly established law at a high level of generality." *Kisela v. Hughes*, 584 U.S. 100, 104 (2018) (per curiam) (quoting *San Francisco v. Sheehan*, 575 U.S. 600, 613 (2015)). And the Law Court has likewise applied that principle to Maine civil rights actions for decades. *See, e.g.*, *Creamer v. Sceviour*, 652 A.2d 110, 113 (Me. 1995) (underscoring that a mere "general declaration of the legal right allegedly violated" is not sufficient) (quoting *Maguire v. Old Orchard Beach*, 783 F. Supp. 1475, 1480 (D. Me. 1992)). Although the Supreme Court does not demand "a case directly on point for a right to be clearly established," a plaintiff seeking to overcome a qualified immunity defense

---

[3] For this same reason—Plaintiffs' failure to allege any plausible causal link between Colonel Ross's actions and their purported injuries—It is not entirely clear they have pleaded sufficient facts to establish Article III standing on this claim. In any action, federal plaintiffs "must 'demonstrate standing separately for each form of relief sought.'" *Nat'l Ass'n of Gov't Emps., Inc. v. Yellen*, 120 F.4th 904, 911 (1st Cir. 2024). This requires pleading factual allegations that fulfill "each part of a familiar triad: injury, causation, and redressability." *Katz v. Pershing, LLC*, 672 F.3d 64, 71 (1st Cir. 2012). Because respondeat superior cannot form the basis for § 1983 liability, it is likely that Plaintiffs have failed altogether to establish Article III standing against Colonel Ross on their state or federal civil rights claims.

must point to a decision that places the constitutional validity of an official's actions "beyond debate." *Kisela*, 584 U.S. at 104 (quoting *White*, 580 U.S. at 79); *see also Creamer*, 652 A.2d at 113.

Here, the weight of First Circuit caselaw points in the opposite direction. *See, e.g.*, *Parker*, 935 F.3d at 15 ("Although a supervisor need not personally engage in the subordinate's misconduct in order to be held liable, his own acts or omissions must work a constitutional violation."); *Guadalupe-Báez*, 819 F.3d at 515 (same), *Saldivar*, 818 F.3d at 18 ("In order for a police supervisor to be deemed 'deliberately indifferent,' the supervisor must have 'actual or constructive knowledge' of a 'grave risk of harm' posed by the subordinate and fail to take 'easily available measures to address the risk.'") (quoting *Camilo-Robles v. Hoyos*, 151 F.3d at 6-7); *Maldonado-Denis* ("tenuous assertions strung together by strands of speculation and surmise" not enough to sustain § 1983 supervisory liability claims"), 23 F.3d at 581-82. Accordingly, even if Plaintiffs had plausibly pleaded civil rights claims against Colonel Ross, he would be entitled to qualified immunity—and therefore judgment on the pleadings—for all counts.

**II. Colonel Ross is entitled to absolute immunity on all MTCA Claims.**

The only other claims against Colonel Ross are grounded in the Maine Tort Claims Act ("MTCA"), specifically where Plaintiffs seek relief for the purported state torts of wrongful arrest (Count XI), malicious prosecution (Count XII), and defamation (Count XIV). First and foremost, the Amended Complaint lacks sufficient allegations to establish that Colonel Ross committed any of these torts, which is already grounds for the Court to grant him judgment on these counts for failure to plead any plausible claim for relief. As with the failure to plead any actions by Colonel Ross supporting a civil right claim, there simply are no allegations that he personally engaged in activity amounting to any potential tort under Maine law. Because Plaintiffs have failed to assert

a causal link between Colonel Ross and their purported MTCA injuries, it is doubtful that Plaintiffs have pleaded sufficient facts to establish Article III standing on such claims. *Yellen*, 120 F.4th at 911 (standing must be established separately for all claims).

But even if Plaintiffs had asserted plausible tort allegations against Colonel Ross, the MTCA confers absolute immunity on state officials for the type of discretionary actions alleged in the Amended Complaint. Under Maine law, government actors cannot be held liable for "[p]erforming or failing to perform any prosecutorial function involving civil, criminal, or administrative enforcement." 14 M.R.S. § 8111(1)(D). Immunity also applies when a government actor is "[p]erforming or failing to perform a discretionary function or duty, whether or not the discretion is abused and whether or not any statute, charter, ordinance, order, resolution or policy under which the discretionary function or duty is performed is valid." *Id.* § 8111(1)(C). Moreover, the Legislature has underscored that this immunity "shall be applicable whenever a discretionary act is reasonably encompassed by the duties of the governmental employee in question, regardless of whether the exercise of discretion is specifically authorized by statute, charter, ordinance, order, resolution, rule or resolve and shall be available to all governmental employees . . . who are required to exercise judgment or discretion in performing their official duties." *Id.* § 8111(1).

Statements by officials regarding public safety, law enforcement activity, and policing are all clearly covered by the discretionary function immunity conveyed by the MTCA. *See, e.g.*, *Davis v. Theriault*, No. 1:22-CV-00275-JDL, 2023 WL 5628193, at *38 (D. Me. Aug. 31, 2023). Accordingly, Colonel Ross is entitled to judgment on all MTCA claims asserted against him.

## CONCLUSION

Plaintiffs' civil rights allegations against the officers who arrested them are sufficient to warrant discovery, but their allegations against Colonel Ross do not amount to plausible violations

of § 1983 in his personal capacity. Nor have they alleged plausible claims against him under Maine law. Accordingly, Colonel Ross respectfully requests that the Court issue judgment on the pleadings in his favor on all remaining counts asserted against him.

DATED: November 2, 2026

Respectfully submitted,

AARON M. FREY
Attorney General

*/s/ Paul E. Suitter*
Paul E. Suitter
Assistant Attorney General
paul.suitter@maine.gov
6 State House Station
Augusta, Maine 04333-0006
Tel. (207) 626-8800

*Counsel for Defendant Colonel William Ross.*